1  FERRIS & BRITTON
   A Professional Corporation
2    Christopher Q. Britton (State Bar No. 56623)
     W. Lee Biddle (State Bar No. 217128)
3  401 West A Street, Suite 1600
   San Diego, CA 92101
4  Telephone:  (619) 233-3131
   Facsimile:  (619) 232-9316
5  e-mail; cbritton@ferrisbritton.com
          lbiddle@ferrisbritton.com
6

7  SEYFARTH SHAW LLP
     Thomas Kaufman (State Bar No.  177936)
8    Laura Reathaford (State Bar No. 254751)
   2029 Century Park East, Suite 3300
9  Los Angeles, California 90067-3063
   Telephone: (310) 277-7200
10 Facsimile: (310) 201-5219
   e-mail: tkaufman@seyfarth.com
11          lreathaford@seyfarth.com

12 Attorneys for Defendant CoxCom, Inc.

**FILED**

**2008 AUG 22  PM 4: 08**

CLERK US DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

BY_____DEPUTY

**'08  CV 1561  H  NLS**

13

14               UNITED STATES DISTRICT COURT

15             SOUTHERN DISTRICT OF CALIFORNIA

16 | ARMAN LASSITER, individually, and on behalf | Case No.
   | of others similarly situated,

17 |                    Plaintiff,               | **NOTICE OF REMOVAL**

18 |         vs.

19 |                                             | **[CLASS ACTION FAIRNESS ACT
   |                                             |  OF 2005]**

20 | COXCOM, INC., and DOES 1 to 50,

21 |                    Defendants.              | [DECLARATIONS OF SHARON SMITH,
   |                                             | LINDA KAVANAUGH, TERRI WILSON,
22 |                                             | JOSEPH FREEMAN AND CHRISTOPHER
   |                                             | Q. BRITTON IN SUPPORT FILED
23 |                                             | CONCURRENTLY UNDER SEPARATE
   |                                             | COVER]

24 **TO THE UNITED STATES DISTRICT COURT FOR THE SOUTHERN DISTRICT OF**

25 **CALIFORNIA AND TO PLAINTIFF ARMAN LASSITER AND HIS ATTORNEY OF**

26 **RECORD:**

27     **PLEASE TAKE NOTICE** that pursuant to 28 U.S.C. sections 1441 and 1446, Defendant

28 CoxCom Inc., hereby removes the above-captioned action from the Superior Court of the State of

1

CASE NO.: _____
**NOTICE OF REMOVAL**

ORIGINAL

1  California, in and for the County of San Diego, to the United States District Court, Southern District

2  of California.   CoxCom asserts that original federal jurisdiction exists under the Class Action

3  Fairness Act of 2005 (28 U.S.C. § 1332(d)) as follows:

4  **PROCEDURAL BACKGROUND**

5       1.     On May 23, 2008, Plaintiff Arman Lassiter, purportedly on behalf of himself and all

6  others similarly situated, filed a complaint for Legal and/or Equitable Relief (the "Complaint") in

7  Superior Court of the State of California, in and for the County of San Diego, Case

8  No. 37-2008-00084510-CU-OE-CTL (the "State Court Action").  Plaintiff filed the case as a putative

9  class action.  A true and correct copy of the Complaint is Exhibit A.[1]

10       2.     Plaintiff asserts claims for relief in the State Court Action against CoxCom for

11  violations of the California Labor Code, including (1) violations of Labor Code § 226.7(a) by failing

12  to provide meal and rest breaks, (2) Labor Code § 226 by failing to provide accurate itemized wage

13  statements, (3) Labor Code § 802 by failing to indemnify employees for necessary expenditures or

14  losses incurred in the discharge of the employees duties, (4) violations of Overtime Pay laws and

15  regulations by improperly "rounding" hours worked by employees.  Plaintiff further claims these

16  practices constitute Unfair Competition in violation of Business and Professions Code §§ 17200 *et*

17  *seq.*

18       3.     Plaintiff claims that the State Court Action is appropriate for class treatment because

19  "statistically, one hundred percent" of the class members are or were subject to the alleged improper

20  labor practices.  (Complaint, ¶ 14.)

21       4.     CoxCom answered the State Court Action on August 14, 2008.  A true and correct

22  copy of the Answer is Exhibit B.

23  / / /

24  / / /

25  / / /

26  / / /

27

28

[1]  All exhibits to this Notice are included under separate cover filed herewith.

CASE NO.: _____

**NOTICE OF REMOVAL**

**TIMELINESS OF REMOVAL**

5. CoxCom has never been properly served with the Complaint in the State Court Action, and thus this petition is timely within the meaning of 28 U.S.C. § 1446(b).[2] *Thomason v. Republic Insurance Company*, 630 F.Supp. 331, 334 (E.D. CA, 1986).

6. Via a letter from Plaintiff's counsel, Alison Miceli, dated August 4, 2008, CoxCom first learned that Plaintiff purported to have served the Complaint on CoxCom's agent for service of process, Corporation Services Company ("CSC"). Plaintiff threatened to seek the default of CoxCom if CoxCom did not answer the complaint within four days of receiving the letter.[3] Exhibit 1 to the Declaration of Joseph Freeman in Support of Petition for Removal (Exhibit G) is a true and correct copy of Ms. Miceli's August 4, 2008 letter.

7. The August 4th letter asserted that this service occurred on June 27, 2008. The Proof of Service found in the Superior Court's files in this action states that Plaintiff's Counsel, William Sullivan, personally served the Complaint and related papers on CoxCom's Agent for Service of Process, CSC, at CSC's offices in Sacramento, California. Notwithstanding the foregoing assertions of Plaintiff's counsel, CoxCom has never been served with either the summons or complaint in this case.

8. CSC denies that it received this service. In order to protect CoxCom's rights in this matter, CoxCom has filed a motion to quash service in the State Court Action, claiming inadequacy of service under California Code of Civil Procedure § 481.10. A true and correct copy of this motion, the supporting Memorandum, Notice of Lodgment and supporting declarations, which are exhibits

/ / /

/ / /

/ / /

---

[2] 28 U.S.C § 1446 provides that a Notice of Removal must include copies of all "process, pleadings, and orders served upon defendant." Defendant CoxCom maintains that no papers have been properly served on it, but Exhibits A, B, and C to this Notice contain all the process, pleadings and orders contained in the Superior Court file in this matter.

[3] Declaration of Joseph Freeman in Support of Petition For Removal ("Freeman Dec.") Ex. G, p. 75, ¶ 3.

CASE NO.:

**NOTICE OF REMOVAL**

1   thereto, are Exhibit C to this Notice and are hereby incorporated into this Notice by this reference as

2   if fully rewritten.  Briefly summarized, the declarations filed in support of CoxCom's Motion to

3   Quash[4] describe the procedures whereby Corporation Service Company carefully and systematically

4   reviews all documents served upon it as agent for its customers at least twice, focusing especially on

5   court documents, that thorough reviews of the CSC's records have been conducted yielding no record

6   whatsoever of the filing of a summons and/or complaint in this matter on June 27, 2008 or ever, and

7   that    a    physical    search    of    the    CSC    premises    has    been    conducted    without

8   finding any summons and/or complaint in this case.  These declarations further establish that plaintiff

9   did serve a letter addressed to the California Labor and Workforce Development Agency on June 27,

10  which letter required service by Certified Mail, not personal service, that there is strong reason to

11  believe that plaintiff accidentally served the wrong document on June 27.  CoxCom received no

12  notice of service of the summons or complaint until its receipt of plaintiff's counsel's August 4, 2008

13  letter.

14          9.      This Motion to Quash was necessary to preserve CoxCom's right to challenge the

15  adequacy of service, because answering the Complaint without filing such a motion would constitute

16  a waiver of the right to challenge service. (Code Civ. Proc. § 481.10(e)).  CoxCom's answer to the

17  Complaint includes an affirmative defense that service was improper, which is intended to preserve

18  this claim under Federal Rule of Civil Procedure 12(b)(4).

19  ///

20  ///

21  ///

22  ///

23  ///

24  ///

25

26

---

27  [4]  See Declarations of Becky DeGeorge, Brenda Sharpless, Steven Cassidy, Victoria Diamond,
    Joseph Freeman and W. Lee Biddle, which are Exhibits G, I, H, J, F and D respectively to the Notice

28  of Lodgment filed in support of Cox's Motion to Quash, which is itself Exhibit C to this Notice of
    Removal, beginning at page 22 of the exhibits.

4

CASE NO.:
**NOTICE OF REMOVAL**

**CLASS ACTION FAIRNESS ACT**

10. <u>Basis of Original Jurisdiction</u>. The Court has original jurisdiction of this action under the Class Action Fairness Act of 2005 (codified in pertinent part at 28 U.S.C. § 1332(d)). Section 1332(d) provides that a district court shall have original jurisdiction of a class action with 100 or more putative class members in which the matter in controversy, in the aggregate, exceeds the sum or value of $5,000,000. As applicable in this matter, section 1332(d) further provides that where the putative class members are citizens of the state in which the action was filed, the defendant must be a citizen of a different state.

11. As set forth below, pursuant to 28 U.S.C. section 1441(a), CoxCom may remove the State Court Action to Federal Court under the Class Action Fairness Act of 2005 inasmuch as (1) members of the putative class are citizens of a state different than CoxCom, (2) the lawsuit is pled as a class action involving more than 100 putative class members, (3) the matter in controversy, in the aggregate, exceeds the sum or value of $5,000,000, exclusive of costs and interest.

12. <u>Plaintiff's Citizenship</u>. Plaintiff Arman Lassiter alleges that he is a resident of the County of San Diego, State of California. (Complaint, § 4.) For diversity purposes, "a person is a citizen of the state in which he is domiciled." *Kantor v. Wellesley Galleries, Ltd.,* 704 F.2d 1088, 1090 (9th Cir. 1983). Residence is prima facie evidence of domicile. *Id., State Farm Mutual Auto Ins. V. Dyer, 19 F.3d 514, 520* (10th Cir. 1994). Accordingly, Plaintiff is a citizen of California.

13. <u>Defendant's Citizenship</u>. Pursuant to 28 U.S.C. section 1332(c), "a corporation shall be deemed to be a citizen of any State by which it has been incorporated and of the State where it has its principal place of business." CoxCom, as alleged in the complaint, is a Delaware corporation. (Complaint, ¶ 5.) Furthermore, CoxCom's principal place of business is its corporate headquarters located at 1400 Lake Hearn Drive, Atlanta, Georgia.[5] Accordingly, Defendant is a citizen of Delaware and Georgia, but not of California.

14. <u>Doe Defendants</u>. Although Plaintiff has also named fictitious defendants "Does 1-50," 28 U.S.C. section 1441(a) provides, "[f]or the purposes of removal under this chapter, the citizenship

---

[5]  Declaration of Sharon Smith in Support of Petition for Removal ("Smith Dec.") Ex. D, p. 68, ¶ 7.

**CASE NO.:** _____
**NOTICE OF REMOVAL**

1    of defendants sued under fictitious names shall be disregarded." (See also *Fristos v. Renolds Metals*

2    *Co.,* 615 F.2d 1209, 1213 (9th Cir. 1980) [unnamed defendants are not required to join in a removal

3    petition].) Thus, the existence of "Doe" defendants does not deprive the Court of jurisdiction.

4         15.   <u>Size of the Class</u>.  Plaintiff filed the State Court Action as a class action involving

5    more than 100 putative class members.  Specifically, Plaintiff alleges that there is an "approximately

6    6000 member class" consisting of "current or former California-based Field Service

7    Representatives." (Complaint, ¶ 11.)  CoxCom's own records indicate that over the four-year period

8    preceding the filing of the Complaint, approximately 1100 different California employees were

9    classified as Field Service Representatives in the three California markets in which CoxCom

10   currently operates:  San Diego, Orange County and Santa Barbara.[6]  While CoxCom may at the

11   appropriate time dispute that each is a proper class member with regard to each alleged wrongful act,

12   Plaintiff's allegation is that "statistically, one hundred percent of the class members" were subject to

13   the identified violations. (Complaint, ¶ 15a-d.)

14        16.   <u>Amount in Controversy</u>.  The Complaint makes no specific statements of the amount

15   in controversy.  Where a specific amount of damages is not alleged in the Complaint, Defendants

16   must prove by a preponderance of evidence that the amount in controversy element is satisfied.

17   *Lowdermilk v. U.S. Bank National Ass'n,* 479 F.3d 994, 998 (9th Cir. 2007).  As demonstrated below,

18   the evidence is that more than $5,000,000 is in controversy:

19        a.   <u>Plaintiff's Own Statements</u>:  In pre-filing proceedings in this action, the parties

20   sought to resolve concerns raised by Plaintiff.  In the course of those discussions, Plaintiff outlined

21   the size of his claim.  Specifically, Plaintiff told CoxCom that it faced potential liability of

22   $32,801,146.17, not inclusive of costs and attorney fees.[7]  A plaintiff's settlement demand "is

23   relevant evidence of the amount in controversy if it appears to reflect a reasonable estimate of the

24

25   —————————————————

26   [6]   Smith Dec., Ex. D, p. 68 ¶ 3; Declaration of Linda Kavanagh in Support of Petition for Removal

27   ("Kavanagh Dec.")  Ex. E, p. 71, ¶ 3; Declaration of Terri Wilson in Support of Petition for Removal
     ("Wilson Dec.") Ex. F, p. 73, ¶ 3.

28   [7]   See Freeman Dec., Ex. G, p. 75, ¶ 5 and excerpts from mediation brief attached as Exhibit 2
     thereto.

**CASE NO.:** _____

**NOTICE OF REMOVAL**

1  plaintiff's claims." (*Cohen v. Petsmart*, 281 F.3d 837, 840 (9th Cir. 2002). (*See also Babasa v.*
2  *LensCrafters, Inc.*, 498 F.3d 972, 975 (9th Cir. 2007) [finding settlement demand admissible for
3  purpose of deciding the question of federal jurisdiction].)

4        b.    <u>Meal and Rest Period Claims</u>:  Plaintiff asserts that 100 percent of class
5  members were not provided their legally mandated meal and rest periods. (Complaint, ¶ 14a.)  The
6  remedy for this violation is one additional hour of pay for each day a meal or rest period is not
7  provided.  (Cal. Labor Code § 226.7, *Murphy v. Kenneth Cole Productions* 40 Cal.4th 1094, 1099
8  (2007).)  Here, the average hourly pay of California employees occupying the Field Service
9  Representative position is approximately $20.52 per hour.[8]  A review of CoxCom's records indicates
10 that at any one time during the class period, approximately 507 people were employed as Field
11 Service Representatives.[9]  If Plaintiff asserts that each class member missed just two meal or rest
12 periods a week, each would be entitled to an additional  $41.04 a week in wages.  Based on a
13 50-week work year, each would receive an additional $2,052 a year, or $1,040,346 per year for the
14 class.  Over a four-year period, this totals $<u>4,161,456</u>, not inclusive of interest.

15       c.    <u>Overtime Claims</u>:  Plaintiff asserts that 100 percent of class members were
16 deprived overtime compensation as a result of "rounding" of hours worked.  (Complaint, ¶ 15.)  If
17 Plaintiff claims that each class member lost just 15 minutes of compensation a week, each would be
18 entitled to an additional $7.70 a week in wages at an overtime rate of $30.78.  Based on a 50-week
19 work year, each would receive an additional $384.75 a year, or $195,068.25 per year for the class,
20 based on 507 representatives working at any one time.   Over a four-year period, this totals
21 $<u>780,273.00</u>, not inclusive of interest.

22       d.    <u>Waiting Time Penalties Under Labor Code Section 203</u>:  Plaintiff claims that
23 due to the wage violations identified above, CoxCom violated Labor Code section 203, which
24 requires full payment of wages due upon termination.  (Complaint Prayer, ¶ 3.)

25

26
_____

27 [8]  This is the un-weighted average of the pay provided field service representatives in Cox's three
   California markets over the four years prior to the complaint. (Smith Dec., Ex. D, p. 68 ¶ 5,
28 Kavanagh Dec., Ex. E. p. 71, ¶ 5, Wilson Dec., Ex. F., p. 73, ¶ 5)
   [9]  Smith Dec., Ex. D, p. 68, ¶ 4, Kavanagh Dec., Ex. E, p. 71, ¶ 4, Wilson Dec., Ex. F, p. 74, ¶ 4.

**CASE NO.:** _____

**NOTICE OF REMOVAL**

1     As a penalty, the employee is permitted to recover up to 30 days' pay if the section is violated.

2 (Complaint Prayer, ¶ 4.)   Here, approximately 311 Field Service Representatives voluntarily or

3 involuntarily left the company in the four years before the filing of the complaint.[10]   At the average

4 hourly wage of $20.52, or $164.16 for an eight-hour day, 30 days' pay would equal $4,924.80 per

5 employee or total of $1,531,612.80 among the 311 employees.

6        e.    <u>Failure to Provide Itemized Wage Statement</u>:  Plaintiff asserts that CoxCom

7 willfully failed to provide wage statements which complied with the requirements of Labor Code

8 section 226, and that class members were damaged by this action.  (Complaint, ¶ 30)  Labor Code

9 section 226 provides that employees suffering injury as a result of a knowing and intentional failure

10 to comply may recover up to an aggregate $4,000.  If each employee is able to recover this amount,

11 the potential amount at issue is $4,400,000 if the class is the 1100 Field Service Representatives or

12 $24,000,000 if the class is 6000 people, as Plaintiff alleges.  (Complaint, ¶ 11.)

13        f.    <u>Attorney Fees and Costs</u>:  In addition to the above amounts, Plaintiff is

14 proceeding under statutes that would permit him to recover reasonable attorney fees and costs if

15 successful.  (Labor Code §§ 226, 226.7.)  Requests for attorney's fees must be taken into account in

16 ascertaining the amount in controversy.  (*See Galt G/S v. JSS Scandinavia*, 142 F.3d 1150, 1156 (9th

17 Cir. 1998) [claims for statutory attorney's fees to be included in amount in controversy, regardless of

18 whether award is discretionary or mandatory].)  If Plaintiff does expect to recover $32,801,146.17 in

19 this action, then it is reasonable to expect that Plaintiff will be seeking additional attorney fees in

20 excess of $10,000,000.[11]

21 / / /

22 / / /

23 / / /

24 / / /

25 / / /

26

27 ─────────────────────

28 [10]  Smith Dec., Ex. D, p. 68, ¶ 6, Kavanaugh Dec., Ex. E, p. 71, ¶ 6, Wilson Dec., Ex. F, p. 74, ¶  6.
[11]  Declaration of Christopher Britton in Support of Removal, Ex. H, p. 81, ¶ 2.

CASE NO.: 

**NOTICE OF REMOVAL**

1         g.    <u>Sum of Components of Plaintiff's Claims for Damages and Fees</u>: The sum of

2    the amounts of the components of Plaintiff's alleged claims for damages and prospective fees is

3    therefore a range of between $20,873,342 and $44,473,342.

4    **CONCLUSION**

5        17.    Pursuant to 28 U.S.C. section 1446(d) a copy of this Notice of Removal is being filed

6    with the Clerk of the Superior Court of California, County of San Diego.

7        18.    Pursuant to 28 U.S.C section 1446(d) CoxCom is providing written notice to Plaintiff.

8        WHEREFORE, CoxCom hereby removes the action now pending against it in the Superior

9    Court of the State of California, County of San Diego, to this Honorable Court, and requests that this

10    Court retain jurisdiction for all further proceedings.

11

12    DATED: August 22, 2008           FERRIS & BRITTON, APC

13

14                             By   *Christopher Q. Britton*

15                                Christopher Q. Britton
                       Attorneys for Defendant
                       COXCOM, INC.

16

17                           SEYFARTH SHAW LLP
                          Thomas Kaufman

18                              Laura Reathaford
                       Attorneys for Defendant

19                           COXCOM, INC.

20

21

22

23

24

25

26

27

28

                             **CASE NO.:** _____
                                  **NOTICE OF REMOVAL**

FERRIS & BRITTON
A Professional Corporation
  Christopher Q. Britton (State Bar No. 56623)
  W. Lee Biddle (State Bar No. 217128)
401 West A Street, Suite 1600
San Diego, CA 92101
Telephone:  (619) 233-3131
Facsimile:  (619) 232-9316
e-mail; cbritton@ferrisbritton.com
        lbiddle@ferrisbritton.com

SEYFARTH SHAW LLP
  Thomas Kaufman (State Bar No.  177936)
  Laura Reathaford (State Bar No. 254751)
2029 Century Park East, Suite 3300
Los Angeles, California 90067-3063
Telephone: (310) 277-7200
Facsimile: (310) 201-5219
e-mail: tkaufman@seyfarth.com
        lreathaford@seyfarth.com

Attorneys for Defendant CoxCom, Inc.

## UNITED STATES DISTRICT COURT

## FOR THE SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ARMAN LASSITER, individually, and on behalf of others similarly situated,<br><br>          Plaintiff.<br><br>     vs.<br><br>COXCOM, INC., and DOES 1 to 50,<br><br>          Defendants. | Case No.<br><br>**EXHIBITS IN SUPPORT OF DEFENDANT COXCOM INC.'S NOTICE OF REMOVAL**<br><br>Complaint filed:  May 23, 2008 |

/ / /

/ / /

/ / /

/ / /

/ / /

**EXHIBITS IN SUPPORT OF DEFENDANT COXCOM INC.'S NOTICE OF REMOVAL**
**CASE NO.:**
**NOTICE OF REMOVAL**

# **INDEX OF EXHIBITS**

PAGE

EXHIBIT A – COMPLAINT AND NOTICE OF CASE ASSIGNMENT . . . . . . . . . . . . . . . . . .1

EXHIBIT B – DEFENDANT COXCOM INC.'S ANSWER TO

        UNVERIFIED COMPLAINT . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 16

EXHIBIT C – DEFENDANT COXCOM INC.'S NOTICE

        OF MOTION AND MOTION TO QUASH

        SERVICE OF SUMMONS . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 22

        DEFENDANT COXCOM INC.'S MEMORANDUM OF POINTS

        AND AUTHORITIES IN SUPPORT OF ITS MOTION TO QUASH

        SERVICE OF SUMMONS . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 25

                EXHIBIT A – PROOF OF SERVICE OF SUMMONS . . . . . . . . . . . . 40

                EXHIBIT B - LETTER TO LABOR AND

                    WORKFORCE DEVELOPMENT AGENCY. . . . . . . . . 42

                EXHIBIT C - ORDER TO SHOW CAUSE

                    RE:  FAILURE TO FILE

                    CERTIFICATE OF SERVICE . . . . . . . . . . . . . . . . . . . . . 45

                EXHIBIT D - DECLARATION OF W. LEE BIDDLE . . . . . . . . . . . . . . 47

                EXHIBIT E - 8/4/08 LETTER FROM ALISON MICELI

                    TO JOSEPH FREEMAN . . . . . . . . . . . . . . . . . . . . . . . . . . . 49

                EXHIBIT F - DECLARATION OF JOSEPH FREEMAN . . . . . . . . . . . .50

                EXHIBIT G - DECLARATION OF BECKY DEGEORGE . . . . . . . . . . 52

                EXHIBIT H - DECLARATION OF STEVEN CASSIDY . . . . . . . . . . . .55

                      EXHIBIT 1 – CSC'S ELECTRONIC LOG . . . . . . . . . . .58

                EXHIBIT I - DECLARATION OF BRENDA SHARPLESS . . . . . . . . .60

                EXHIBIT J - DECLARATION OF VICTORIA DIAMOND . . . . . . . . .63

                EXHIBIT K - CSC 6/27/08 NOTICE OF SERVICE . . . . . . . . . . . . . . . . 65

## INDEX OF EXHIBITS

PAGE

EXHIBIT D – DECLARATION OF SHARON SMITH IN SUPPORT
    OF PETITION FOR REMOVAL OF COXCOM, INC. . . . . . . . . . . . . . . . . . . . . . .67

EXHIBIT E – DECLARATION OF LINDA KAVANAGH IN SUPPORT
    OF PETITION FOR REMOVAL OF COXCOM, INC. . . . . . . . . . . . . . . . . . . .70

EXHIBIT F – DECLARATION OF TERRI WILSON IN SUPPORT
    OF PETITION FOR REMOVAL OF COXCOM, INC. . . . . . . . . . . . . . . . . . . . . .72

EXHIBIT G – DECLARATION OF JOSEPH FREEMAN IN SUPPORT
    OF PETITION FOR REMOVAL OF COXCOM, INC. . . . . . . . . . . . . . . . . . . . . .74

    EXHIBIT 1 - 8/4/08 LETTER FROM ALISON MICELI
        TO JOSEPH FREEMAN . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .76

    EXHIBIT 2 – EXCERPTS FROM LASSITER MEDIATION BRIEF. . . . . . . . .77

EXHIBIT H – DECLARATION OF CHRISTOPHER Q. BRITTON IN SUPPORT
    OF PETITION FOR REMOVAL OF COXCOM, INC. . . . . . . . . . . . . . . . . . . . . .80

CASE NO.:

**NOTICE OF REMOVAL**

**EXHIBIT A**

| SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN DIEGO | |
|---|---|
| STREET ADDRESS: 330 West Broadway | |
| MAILING ADDRESS: 330 West Broadway | |
| CITY AND ZIP CODE: San Diego, CA 92101 | |
| BRANCH NAME: Central | |
| TELEPHONE NUMBER: (619) 685-6150 | |
| PLAINTIFF(S) / PETITIONER(S): Arman Lassiter | |
| DEFENDANT(S) / RESPONDENT(S): Coxcom, Inc. | |

| LASSITER VS. COXCOM, INC. | |
|---|---|
| **NOTICE OF CASE ASSIGNMENT** | CASE NUMBER:<br>37-2008-00084510-CU-OE-CTL |

Judge: Steven R. Denton                                      Department: C-73

**COMPLAINT/PETITION FILED: 05/23/2008**

### CASES ASSIGNED TO THE PROBATE DIVISION ARE NOT REQUIRED TO COMPLY WITH THE CIVIL REQUIREMENTS LISTED BELOW

IT IS THE DUTY OF EACH PLAINTIFF (AND CROSS-COMPLAINANT) TO SERVE A COPY OF THIS NOTICE WITH THE COMPLAINT (AND CROSS-COMPLAINT).

ALL COUNSEL WILL BE EXPECTED TO BE FAMILIAR WITH SUPERIOR COURT RULES WHICH HAVE BEEN PUBLISHED AS DIVISION II, AND WILL BE STRICTLY ENFORCED.

**TIME STANDARDS:** The following timeframes apply to general civil cases and must be adhered to unless you have requested and been granted an extension of time. General civil consists of all cases except: Small claims appeals, petitions, and unlawful detainers.

**COMPLAINTS:** Complaints must be served on all named defendants, and a CERTIFICATE OF SERVICE (SDSC CIV-345) filed within 60 days of filing. This is a mandatory document and may not be substituted by the filing of any other document.

**DEFENDANT'S APPEARANCE:** Defendant must generally appear within 30 days of service of the complaint. (Plaintiff may stipulate to no more than a 15 day extension which must be in writing and filed with the Court.)

**DEFAULT:** If the defendant has not generally appeared and no extension has been granted, the plaintiff must request default within 45 days of the filing of the Certificate of Service.

THE COURT ENCOURAGES YOU TO CONSIDER UTILIZING VARIOUS ALTERNATIVES TO LITIGATION, INCLUDING MEDIATION AND ARBITRATION, PRIOR TO THE CASE MANAGEMENT CONFERENCE. MEDIATION SERVICES ARE AVAILABLE UNDER THE DISPUTE RESOLUTION PROGRAMS ACT AND OTHER PROVIDERS. SEE ADR INFORMATION PACKET AND STIPULATION.

YOU MAY ALSO BE ORDERED TO PARTICIPATE IN ARBITRATION PURSUANT TO CCP 1141.10 AT THE CASE MANAGEMENT CONFERENCE. THE FEE FOR THESE SERVICES WILL BE PAID BY THE COURT IF ALL PARTIES HAVE APPEARED IN THE CASE AND THE COURT ORDERS THE CASE TO ARBITRATION PURSUANT TO CCP 1141.10. THE CASE MANAGEMENT CONFERENCE WILL BE CANCELLED IF YOU FILE FORM SDSC CIV-359 PRIOR TO THAT HEARING

Exhibit A, Page 1

William B. Sullivan [CSB No. 171637]
Alison M. Miceli [CSB No. 243131]
**SULLIVAN & CHRISTIANI, LLP**
2330 Third Avenue
San Diego, California 92101
(619) 702-6760 * (619) 702-6761 FAX

Attorneys for Plaintiff ARMAN LASSITER

# SUPERIOR COURT OF THE STATE OF CALIFORNIA

## COUNTY OF SAN DIEGO, CENTRAL DIVISION

| | |
|---|---|
| ARMAN LASSITER, individually and on behalf of other members of the general public similarly situated, | CASE NO. 37-2008-00084510-CU-OE-CTL |
| | **CLASS ACTION** |
| Plaintiff, | **COMPLAINT FOR:** |
| v. | 1. **VIOLATION OF LABOR CODE; and** |
| COXCOM, INC., a Delaware Corporation; and DOES 1-50, Inclusive, | 2. **VIOLATION OF BUSINESS AND PROFESSIONS CODE SECTION 17200** |
| Defendants. | |

COMES NOW Plaintiff ARMAN LASSITER, ("Plaintiff"), and alleges for his Complaint as follows:

1. This Court has jurisdiction over this matter in that all parties are residents of the State of California and the amount in controversy exceeds the statutory minimum limit of this Court. This class action is brought pursuant to section 382 of the Code of Civil Procedure. The monetary damages and restitution sought by Plaintiff exceed the minimal jurisdiction limits of the Superior Court and will be established according to proof at trial. The monetary damages sought on behalf of each and every member of the class and as aggregate class damages exceed those jurisdictional limits as well. Furthermore, there is no federal question at issue, as Wage and Hour protections and remedies related thereto are based solely on California Law and Statutes,



1      including the Labor Code, Civil Code, and Business and Professions Code.

2    2.    Venue is proper before this Court in that some or all of the events, acts, and happenings as

3      alleged herein occurred within the jurisdiction of the above entitled court.

4    3.    Venue is proper before this Court in that certain wrongful acts which gave rise to Plaintiff's

5      injuries occurred in the County of San Diego, State of California.

6    4.    At all relevant times herein, Plaintiff ARMAN LASSITER was and is an individual residing in

7      the County of San Diego, State of California.

8    5.    Plaintiff is informed and believes and thereon alleges that at all relevant times mentioned herein,

9      Defendant COXCOM, INC. ("Defendant Employer"), was and is a Delaware Corporation doing

10      business in the County of San Diego, State of California.

11    6.    Plaintiff is presently unaware of the true names, capacities and liability of Defendants named

12      herein as DOES 1 through 50, inclusive. Accordingly, Plaintiff will seek leave of court to amend

13      this Complaint to allege their true names and capacities after the same have been ascertained.

14    7.    Plaintiff is informed and believes and thereon alleges that each of the fictitiously named

15      Defendants is responsible in some manner for the wrongs and damages as herein alleged, and in

16      so acting was functioning as the agent, servant, partner, and employee of the co-defendants, and

17      in doing the actions mentioned below, was acting within the course and scope of his or her

18      authority as such agent, servant, partner, and employee with the permission and consent of the

19      co-defendants. Plaintiff's injuries as herein alleged were proximately caused by said Defendants.

20      Wherever it is alleged herein that any act or omission was done or committed by any specially

21      named Defendant or Defendants, Plaintiff intends thereby to allege and does allege that the same

22      act or omission was also done and committed by each and every Defendant named as a DOE,

23      both separately and in concert or conspiracy with the named Defendant or Defendants.

24    8.    Plaintiff is informed and believes and thereon alleges that Defendants, and each of them,

25      including DOES 1 through 50, are and at all times herein mentioned were either individuals, sole

26      proprietorships, partnerships, registered professionals, corporations, alter egos or other legal

27      entities which were licensed to do and/or were doing business in the County of San Diego, State

28      of California at all times relevant to the subject matter of this action.

2

LASSITER CLASS ACTION COMPLAINT

## CLASS ACTION ALLEGATIONS

9.  As more specifically set forth below, Plaintiff is bringing this action on behalf of an ascertainable class and a well-defined community of interest among the class members. Code of Civil Procedure section 382; Richmond v. Dart Industries, Inc., 29 Cal. 3d 426, 470 (1981). Throughout his employment, Plaintiff and his current and former co-workers were and are denied mandated relieved Meal and Rest periods, in violation of Labor Code section 512. Defendant Employer further failed to provide Plaintiff and his former co-workers one hour of pay at their regular rate of pay for each day the Meal and Rest periods were not provided, in violation of Labor Code section 226.7. Further, Plaintiff and his current and former co-workers were and are required to suffer the taking of earned compensation by Defendant Employer (by and through paycheck deductions) for, among other items, lost tools, without reimbursement, in violation of Labor Code section 2802. Plaintiff and his current and former co-workers were and are denied accurate Itemized Wage Statements, in violation of Labor Code section 226. Plaintiff and his current and former co-workers were and are denied full and accurate compensation, due to an illegal method of "rounding," by Defendant Employer, of time worked by the class members.

10. Plaintiff brings this action on the grounds that he and other similarly situated employees employed by Employer were and are improperly denied the mandated wages resulting from the above-referenced violations. Sav-On Drug Stores, Inc. v. Superior Court, 34 Cal. 4th 319 (2004). The class of current and former employees is believed to be approximately Six Thousand (6000) employees.

11. The approximately 6000 member class is ascertainable via their experience as current or former California-based Field Service Representatives of Defendant Employer.

12. The class members share a community of interest and an injury in fact as Defendant Employer has violated California compensation laws, depriving the class members money earned by them.

13. This action involves questions of law and fact common to the class in that Plaintiff is bringing this action on behalf of a class of Defendant Employer's current and former employees who were and/or are (a) improperly denied mandated meal and rest periods; (b) required to suffer the taking of earned compensation by Defendant Employer (by and through paycheck deductions) for,

3

LASSITER CLASS ACTION COMPLAINT



among other items, lost tools, without reimbursement, in violation of Labor Code section 2802; (c) denied accurate Itemized Wage Statements, in violation of California Labor Code section 226; and (d) denied full compensation due to illegal "rounding." The subject matter of this action both as to factual and legal matters is such that there are questions of law and fact common to the class which predominate over questions affecting only individual members, including, among other things the following:

A. Statistically, one hundred percent of the class members were not "authorized and permitted" to take their legally mandated Meal and Rest periods, and were not provided the legally mandated relieved and off-duty meal and rest breaks or, in the alternative, the one-hour wage required in lieu of such Meal and/or Rest Periods.

B. Statistically, one hundred percent of the Class Members were required to suffer the taking of earned compensation by Defendant Employer (by and through paycheck deductions) for, among other items, lost or broken tools, without reimbursement, in violation of Labor Code section 2802.

C. Statistically, one hundred percent of the class members failed to receive compliant "Itemized Wage Statements," as required by Labor Code section 226, in that, among other deficiencies, the "gross wages," and "net wages" were and are incorrect, and some of the applicable hourly rates in effect were and are inaccurate.

D. Statistically, one hundred percent of the class members were deprived of compensation, including Overtime compensation, via the illegal use, by Defendant Employer, of a "rounding" method of calculating time worked by the class members.

15. The class on whose behalf the action is brought is so numerous that joinder of all parties individually would be impractical. Plaintiff is bringing this action on behalf of approximately 6000 employees of Defendant Employer who share a common or general interest, and it would be impracticable for those employees to bring the action individually. The duties and responsibilities of the class members Plaintiff is representing were similar and comparable. Any variations in job activities between the individual class members are legally insignificant to the issues presented by this action since the central facts remain, to wit, Plaintiff and the other class

4

LASSITER CLASS ACTION COMPLAINT

1   members were improperly denied statutorily mandated meal and rest periods.

2   16.  Plaintiff's claims in this action are typical of the class Plaintiff is generally representing. Plaintiff

3        and other members in the class were required and instructed by Defendant Employer to perform

4        work during their mandated Meal and Rest periods and were not provided the mandated relieved

5        and off-duty meal and rest breaks.  Defendant Employer further failed to provide Plaintiff and

6        other members in his class one hour of pay at their regular rate of pay for each day the Meal and

7        Rest periods were not provided, in violation of Labor Code section 226.7.  Plaintiff seeks proper

8        compensation and restitution on behalf of himself and other members in the class for the

9        foregoing irregularities.

10  17.  Plaintiff can fairly and adequately protect the interests of all the members of the class he is

11       representing in this action. Plaintiff's experience and knowledge of Defendant Employer's Wage

12       and Hour practices and its policy regarding Meal and Rest periods, in addition to Plaintiff's

13       familiarity with the job duties of the class members he is representing, entitle him to adequately

14       and fairly represent the class.

15  18.  Plaintiff has satisfied the three prong "community of interest" requirement in Code of Civil

16       Procedure section 382. Specifically, and as set forth above, (a) this action involves predominant

17       common questions of law or fact in that Plaintiff brings this action on behalf of the approximately

18       600 member class who was denied mandated relieved meal and rest periods and required wages

19       under Labor Code section 226.7 and Title 8, California Code of Regulations, also known as

20       "Wage Order 11," and therefore, like Plaintiff, were improperly compensated; (b) Plaintiff's

21       claims and damages are typical of the class Plaintiff represents in that, as mentioned above,

22       Plaintiff seeks, on behalf of himself and the class members he represents, monetary damages for

23       (1) improperly denied mandated meal and rest periods; (2) being required to suffer the taking of

24       earned compensation by Defendant Employer (by and through paycheck deductions) for, among

25       other items, lost tools, without reimbursement; (3) being denied accurate Itemized Wage

26       Statements, in violation of Labor Code section 226; and (4) being denied full and accurate

27       compensation due to an illegal "rounding" method of calculating time worked. Plaintiff's

28       experience and knowledge of Defendant Employer's Wage and Hour practices and its policy

5

LASSITER CLASS ACTION COMPLAINT

1    regarding meal and rest periods, in addition to Plaintiff's familiarity with the job duties of the

2    class members he is representing, entitle him to adequately and fairly represent the class.

3                                      **FACTUAL BACKGROUND**

4   19.   In or about 1996, Plaintiff commenced working for Defendant Employer as a Field Service

5       Representative. Throughout his employment with Defendant Employer, Plaintiff has performed

6       his job in a capable and competent manner, and has been commended for doing so.

7   20.   Throughout the term of his employ, Plaintiff and other members in his class were and are

8       currently (a) required and instructed by Defendant Employer to perform work during their

9       mandated Meal and Rest periods and were and are therefore not provided the mandated relieved

10      and off-duty meal and rest breaks, in violation of Labor Code sections 512 and 226.7 and Title

11      8, California Code of Regulations, also known as "Wage Order 11." Plaintiff and other members

12      in his class were not provided one hour of pay at their regular rate of pay for each day the Meal

13      and Rest period was not provided, in violation of Labor Code section 226.7; (b) required to suffer

14      the taking of earned compensation by Defendant Employer (by and through paycheck deductions)

15      for, among other items, lost tools, without reimbursement; (c) denied accurate Itemized Wage

16      Statements, in violation of Labor Code section 226; and (d) denied full and accurate

17      compensation due to an illegal "rounding" method of calculating time worked.

18

19                                    **FIRST CAUSE OF ACTION**
                            **Violation of Labor Code - Class Action**

20            **(By The Class Against Defendant Employer and DOES 1-10)**

21   21.   Plaintiff hereby incorporates by reference paragraphs 1 through 20 above, as though fully set

22       forth herein.

23   22.   Labor Code section 226.7(a) states that "No employer shall require any employee to work during

24       any meal or rest period mandated by an applicable order of the Industrial Welfare Commission."

25   23.   Under applicable state law, employees who work more than five (5) hours a day are entitled to

26       a meal period of at least thirty (30) minutes, and a second meal period of at least thirty (30)

27       minutes, if they work more than ten (10) hours in a day. Labor Code section 512(a).

28   24.   Unless the employee is relieved of all duty during a thirty (30) minute meal period, the meal

6

LASSITER CLASS ACTION COMPLAINT



1　　period shall be considered an "on duty" meal period and counted as time worked. Title 8,

2　　California Code of Regulations, also known as "Wage Order 11."

3　25. An employer who fails to provide meal or rest periods as required by an applicable Wage Order

4　　must pay the employee one additional hour of pay at the employee's regular rate of pay for each

5　　workday that the meal or rest period was not provided. Labor Code section 226.7(b); IWC Wage

6　　Orders 1-2001 through 13-2001, 15-2001.

7　26. During the course of his employment, Plaintiff and other employees were required by Defendant

8　　Employer to work through their lunches and perform work during their Meal and Rest periods,

9　　and therefore, Plaintiff and other members in his class were denied relieved and off-duty meal

10　　and rest periods.

11　27. Defendant Employer willfully failed and refused to pay Plaintiff and other employees one

12　　additional hour of pay at their regular rate of pay for each workday that a meal or rest period was

13　　not provided as required by Labor Code section 226.7.

14　28. Labor Code section 226 states, in part, that each pay period, Defendant Employer shall provide

15　　its employees an accurate Itemized Wage Statement, showing (in part) the gross wages earned

16　　and the net wages earned by each employee, and shall provide an accurate representation of all

17　　of the applicable hourly rates worked by the subject employees. Defendant Employer failed to

18　　provide accurate Itemized Wage Statements. Finally, Labor Code section 2802, and subsequent

19　　California law defining this section, require that an employer indemnify its employees for all

20　　necessary expenditures or losses incurred during the discharge of the employees' duties.

21　　Throughout the term of his employ, Plaintiff and the remaining Class Members have been denied

22　　these fundamental legal rights, and monies properly earned by said Class Members have not been

23　　paid, or have been deducted from their paychecks in violation of this legal right.

24　29. During the course of his employment, Plaintiff and other employees were not provided statutorily

25　　compliant Itemized Wage Statements by Defendant Employer.

26　30. As a direct result of Defendant Employer's willful failure and refusal to (a) provide the mandated

27　　meal or rest period or pay one additional hour of pay at the regular rate of pay for each workday

28　　that a meal or rest period was not provided; (b) comply with Labor Code section 226, (c) comply

7

LASSITER CLASS ACTION COMPLAINT

1    with Labor Code section 2802; and (d) being denied full and accurate compensation due to an

2    illegal "rounding" method of calculating time worked, Plaintiff and other employees have

3    suffered injury, loss, and harm all to their damages in a sum according to proof. On behalf of the

4    class, Plaintiff hereby seeks compensatory damages, back pay (or penalty), prejudgement interest,

5    and other remedies set forth below.

6    31.    Plaintiff has incurred and continues to incur legal expenses and attorneys' fees. Plaintiff is

7    presently unaware of the precise amount of these expenses and fees and prays leave of court to

8    amend this Complaint when the amounts are more fully known.

9
                                    **SECOND CAUSE OF ACTION**
10             **Violation of Business and Professions Code §17200 - Class Action**
                 **(By The Class Against Defendant Employer and DOES 1-10)**
11
12   32.    Plaintiff hereby incorporates by reference paragraphs 1 through 31 as though fully set forth

13   herein.

     33.    Plaintiff is an employee and direct victim of Defendant Employer's illegal business acts and
14
     practices referenced in this Complaint, has lost money as a result of such practices, and is suing
15
     both in his individual capacity and on behalf of current and former employees of Defendant
16
     Employer who share a common or general interest in the damages as a result of the illegal
17
     practices. Specifically, Plaintiff is bringing this claim on behalf of Defendant Employer's current
18
     and former employees who were and are (a) required and instructed by Defendant Employer to
19
     perform work during their mandated Meal and Rest periods and were and are therefore not
20
     provided the mandated relieved and off-duty meal and rest breaks, in violation of Labor Code
21
     sections 512 and 226.7 and Title 8, California Code of Regulations, also known as "Wage Order
22
     11." Plaintiff and other members in his class were not provided one hour of pay at their regular
23
     rate of pay for each day the Meal and Rest period was not provided, in violation of Labor Code
24
     section 226.7; (b) required to suffer the taking of earned compensation by Defendant Employer
25
     (by and through paycheck deductions) for, among other items, lost tools, without reimbursement;
26
     (c) denied accurate Itemized Wage Statements, in violation of Labor Code section 226; and (d)
27
     being denied full and accurate compensation due to an illegal "rounding" method of calculating
28

LASSITER CLASS ACTION COMPLAINT

Exhibit A, Page 9



time worked.

34. The approximately 6000 member class is ascertainable via their experience as present or past employees of Defendant Employer. The members share a community of interest and an injury in fact as Defendant Employer has violated California compensation laws, thereby depriving the class members of money earned by them. Based on the facts set forth above, it would be impracticable to proceed in individual actions.

35. Plaintiff has suffered an injury in fact pursuant to Business and Professions Code section 17204, and has lost money as a result of Defendant Employer's illegal practices, in that he was improperly denied payments for missed Meal and Rest periods in violation of Labor Code section 226.7, throughout his employment with Defendant Employer.

36. Plaintiff is bringing this action on behalf of an ascertainable class, who share a community of interest, pursuant to Business and Professions Code section 17203 and Code of Civil Procedure section 382, who share a common or general interest in the damages as a result of the illegal practices, in that those individuals on whose behalf the action is brought have also lost money as a result of Defendant Employer's practices, as set forth above, and that it would be impracticable to proceed as an individual plaintiff action.

37. As set forth above, during the course of Plaintiff's employment, Defendant Employer failed and refused to properly pay Plaintiff, and other employees, and failed to comply with fundamentally protective California laws, including but not limited to Labor Code sections 226, 226.7, 512, and 1194.

38. Business and Professions Code section 17200 *et seq.*, prohibits any unlawful, unfair or fraudulent business act or practice.

39. Plaintiff's allegations herein are based upon the business acts and practices of Defendant Employer.

40. Defendant Employer's acts and practices, as described herein above, are unlawful, in that they violate the California Labor Code and the California Industrial Welfare Commission Wage Orders.

41. As a direct result of Defendant Employer's unlawful business acts and practices, Plaintiff and

9

LASSITER CLASS ACTION COMPLAINT

1    other employees have been denied wages earned, and have therefore, been damaged in amount

2    to be proven.  Accordingly, Plaintiff prays for restitution and injunctive damages in an amount

3    to be proven.

4    42.  Plaintiff is informed and believes, and on that basis alleges, that Defendant Employer's unlawful

5        business practices, alleged above, are continuing in nature and are widespread.

6    43.  On behalf of the ascertainable class, Plaintiff respectfully requests an injunction against

7        Defendant Employer to enjoin it from continuing to engage in the illegal conduct alleged herein.

8    44.  On behalf of the ascertainable class, Plaintiff respectfully requests restitution damages.

9    45.  Plaintiff has incurred and continues to incur legal expenses and attorneys' fees.  Plaintiff is

10       presently unaware of the precise amount of these expenses and fees and prays leave of court to

11       amend this Complaint when the amounts are more fully known.

12                   **PRAYER FOR RELIEF**

13       WHEREFORE, Plaintiff on his own behalf and on behalf of the members of the class and the

14    general public, prays for judgment as follows:

15    1.  For an order certifying the proposed class;

16    2.  Upon the First Cause of Action, for compensatory damages according to proof as set forth under

17       Labor Code sections 226, 226.7, 510, 512 and 2802, among other violations; for denying

18       mandated Meal and Rest periods and other wages resulting therefrom; for failing to comply with

19       Labor Code section 2802 by indemnifying its employee Class Members for ordinary business

20       losses; for failing to comply with Labor Code section 226, and for failing to provide accurate

21       Itemized Wage Statements;

22    3.  Upon the First Cause of Action, for waiting time penalties according to proof, pursuant to Labor

23       Code section 203;

24    4.  Upon the First Cause of Action, for penalties pursuant to Title 8, California Code of Regulations,

25       Wage Order 11 (or any Wage Order applicable);

26    5.  For compensatory damages in an amount to be proven;

27    6.  For lost back pay in an amount to be proven;

28    7.  On behalf of the ascertainable class, for a permanent injunction against Defendant Employer

10

LASSITER CLASS ACTION COMPLAINT

1    restraining, preventing, and enjoining Defendant Employer from engaging in the illegal practices

2    alleged, and to ensure compliance with, among other employee protections, Labor Code sections

3    226, 226.7, 510, 512 and 2802;

4  8.  On behalf of the ascertainable class, for restitution damages on behalf of the section 17200

5    claimants who share a common or general interest;

6  9.  For an award of interest, including prejudgement interest, pursuant to Labor Code section 218.6;

7  10. For an award of attorneys' fees and costs of suit herein pursuant to Labor Code sections 226,

8    226.7, 2802, and 218.5;

9  11. For an award of punitive and exemplary damages where permissible; and

10 12. For such other relief as the court deems just and proper.

11

12  Dated: *5-23-08*                           SULLIVAN & CHRISTIANI, LLP

13

14                                           *Alison M. Miceli*
                                             William B. Sullivan,
15                                           Alison M. Miceli,
                                             Attorneys for Plaintiff ARMAN LASSITER

16

17

18

19

20

21

22

23

24

25

26

27

28

11

LASSITER CLASS ACTION COMPLAINT



SUM-100

# SUMMONS
## (CITACION JUDICIAL)

**FOR COURT USE ONLY**
**(SOLO PARA USO DE LA CORTE)**

**NOTICE TO DEFENDANT:**
**(AVISO AL DEMANDADO):**
COXCOM, INC., a Delaware Corporation; and DOES 1 through 50,
Inclusive.

**YOU ARE BEING SUED BY PLAINTIFF:**
**(LO ESTÁ DEMANDANDO EL DEMANDANTE):**
ARMAN LASSITER

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff.   A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you.  If you cannot pay the filing fee, ask the court clerk for a fee waiver form.  If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.
   There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association.

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.courtinfo.ca.gov/selfhelp/espanol/), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*
   *Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.courtinfo.ca.gov/selfhelp/espanol/) o poniéndose en contacto con la corte o el colegio de abogados locales.*

| The name and address of the court is: | CASE NUMBER 37-2008-00084510-CU-OE-CTL |
|---|---|
| (El nombre y dirección de la corte es): | (Número del Caso) |

San Diego Superior Court - Hall of Justice
330 West Broadway
San Diego, CA 92101

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):
William B. Sullivan; Alison M. Miceli
2330 Third Avenue, San Diego, CA 92101; (619) 702-6760

| DATE: MAY 2 3 2008 | Clerk, by | , Deputy |
|---|---|---|
| (Fecha) | (Secretario) C. VAN PELT | (Adjunto) |

(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)
(Para prueba de entrega de esta citación use el formulario Proof of Service of Summons, (POS-010)).

**NOTICE TO THE PERSON SERVED:** You are served
1. [ ] as an individual defendant.
2. [ ] as the person sued under the fictitious name of (specify):

3. [ ] on behalf of (specify):

   under: [ ] CCP 416.10 (corporation)     [ ] CCP 416.60 (minor)
          [ ] CCP 416.20 (defunct corporation)     [ ] CCP 416.70 (conservatee)
          [ ] CCP 416.40 (association or partnership)     [ ] CCP 416.90 (authorized person)

          [ ] other (specify):
4. [ ] by personal delivery on (date):

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. January 1, 2004]

## SUMMONS

Code of Civil Procedure §§ 412.20, 465
American LegalNet, Inc. | www.USCourtForms.com

Exhibit A, Page 13

CM-010

**ATTORNEY OR PARTY WITHOUT ATTORNEY** *(Name, State Bar number, and address):*
William B. Sullivan [CSB No. 171637]
Alison M. Miceli [CSB No. 243131]
SULLIVAN & CHRISTIANI, LLP
2330 Third Avenue, San Diego, CA 92101
TELEPHONE NO: (619) 702-6760    FAX NO: (619) 702-6761
ATTORNEY FOR *(Name):* Plaintiff Arman Lassiter

FOR COURT USE ONLY

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF** San Diego
STREET ADDRESS: 330 W. Broadway
MAILING ADDRESS:
CITY AND ZIP CODE: San Diego, CA 92101
BRANCH NAME: Central Division - Hall of Justice

**CASE NAME:**
Arman Lassiter v. CoxCom, Inc.

| CIVIL CASE COVER SHEET | Complex Case Designation | CASE NUMBER: |
|---|---|---|
| ☑ Unlimited (Amount demanded exceeds $25,000) ☐ Limited (Amount demanded is $25,000 or less) | ☐ Counter ☐ Joinder Filed with first appearance by defendant (Cal. Rules of Court, rule 3.402) | 37-2008-00084510-CU-OE-CTL |
| | | JUDGE: |
| | | DEPT: |

*Items 1–6 below must be completed (see instructions on page 2).*

1. Check one box below for the case type that best describes this case:

**Auto Tort**
☐ Auto (22)
☐ Uninsured motorist (46)

**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
☐ Asbestos (04)
☐ Product liability (24)
☐ Medical malpractice (45)
☐ Other PI/PD/WD (23)

**Non-PI/PD/WD (Other) Tort**
☐ Business tort/unfair business practice (07)
☐ Civil rights (08)
☐ Defamation (13)
☐ Fraud (16)
☐ Intellectual property (19)
☐ Professional negligence (25)
☐ Other non-PI/PD/WD tort (35)

**Employment**
☐ Wrongful termination (36)
☑ Other employment (15)

**Contract**
☐ Breach of contract/warranty (06)
☐ Rule 3.740 collections (09)
☐ Other collections (09)
☐ Insurance coverage (18)
☐ Other contract (37)

**Real Property**
☐ Eminent domain/inverse condemnation (14)
☐ Wrongful eviction (33)
☐ Other real property (26)

**Unlawful Detainer**
☐ Commercial (31)
☐ Residential (32)
☐ Drugs (38)

**Judicial Review**
☐ Asset forfeiture (05)
☐ Petition re: arbitration award (11)
☐ Writ of mandate (02)
☐ Other judicial review (39)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400–3.403)**
☐ Antitrust/Trade regulation (03)
☐ Construction defect (10)
☐ Mass tort (40)
☐ Securities litigation (28)
☐ Environmental/Toxic tort (30)
☐ Insurance coverage claims arising from the above listed provisionally complex case types (41)

**Enforcement of Judgment**
☐ Enforcement of judgment (20)

**Miscellaneous Civil Complaint**
☐ RICO (27)
☐ Other complaint *(not specified above)* (42)

**Miscellaneous Civil Petition**
☐ Partnership and corporate governance (21)
☐ Other petition *(not specified above)* (43)

2. This case ☐ is ☑ is not   complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. ☐ Large number of separately represented parties
   b. ☐ Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve
   c. ☐ Substantial amount of documentary evidence
   d. ☐ Large number of witnesses
   e. ☐ Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
   f. ☐ Substantial postjudgment judicial supervision

3. Remedies sought *(check all that apply):* a. ☑ monetary   b. ☑ nonmonetary; declaratory or injunctive relief   c. ☑ punitive
4. Number of causes of action *(specify):* Two (2)
5. This case ☑ is ☐ is not   a class action suit.
6. If there are any known related cases, file and serve a notice of related case. *(You may use form CM-015.)*

Date: May 23, 2008
Alison M. Miceli, Esq.
_____
(TYPE OR PRINT NAME)

*Alison M. Miceli*
(SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

Form Adopted for Mandatory Use
Judicial Council of California
CM-010 [Rev. July 1, 2007]

**CIVIL CASE COVER SHEET**

Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740;
Cal. Standards of Judicial Administration, std. 3.10
www.courtinfo.ca.gov

American LegalNet, Inc.
www.FormsWorkflow.com



CM-010

## INSTRUCTIONS ON HOW TO COMPLETE THE COVER SHEET

**To Plaintiffs and Others Filing First Papers.** If you are filing a first paper (for example, a complaint) in a civil case, you must complete and file, along with your first paper, the *Civil Case Cover Sheet* contained on page 1. This information will be used to compile statistics about the types and numbers of cases filed. You must complete items 1 through 6 on the sheet. In item 1, you must check one box for the case type that best describes the case. If the case fits both a general and a more specific type of case listed in item 1, check the more specific one. If the case has multiple causes of action, check the box that best indicates the primary cause of action. To assist you in completing the sheet, examples of the cases that belong under each case type in item 1 are provided below. A cover sheet must be filed only with your initial paper. Failure to file a cover sheet with the first paper filed in a civil case may subject a party, its counsel, or both to sanctions under rules 2.30 and 3.220 of the California Rules of Court.

**To Parties in Rule 3.740 Collections Cases.** A "collections case" under rule 3.740 is defined as an action for recovery of money owed in a sum stated to be certain that is not more than $25,000, exclusive of interest and attorney's fees, arising from a transaction in which property, services, or money was acquired on credit. A collections case does not include an action seeking the following: (1) tort damages, (2) punitive damages, (3) recovery of real property, (4) recovery of personal property, or (5) a prejudgment writ of attachment. The identification of a case as a rule 3.740 collections case on this form means that it will be exempt from the general time-for-service requirements and case management rules, unless a defendant files a responsive pleading. A rule 3.740 collections case will be subject to the requirements for service and obtaining a judgment in rule 3.740.

**To Parties in Complex Cases.** In complex cases only, parties must also use the *Civil Case Cover Sheet* to designate whether the case is complex. If a plaintiff believes the case is complex under rule 3.400 of the California Rules of Court, this must be indicated by completing the appropriate boxes in items 1 and 2. If a plaintiff designates a case as complex, the cover sheet must be served with the complaint on all parties to the action. A defendant may file and serve no later than the time of its first appearance a joinder in the plaintiff's designation, a counter-designation that the case is not complex, or, if the plaintiff has made no designation, a designation that the case is complex.

### CASE TYPES AND EXAMPLES

**Auto Tort**
Auto (22)—Personal Injury/Property Damage/Wrongful Death
Uninsured Motorist (46) *(if the case involves an uninsured motorist claim subject to arbitration, check this item instead of Auto)*

**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
Asbestos (04)
  Asbestos Property Damage
  Asbestos Personal Injury/Wrongful Death
Product Liability *(not asbestos or toxic/environmental)* (24)
Medical Malpractice (45)
  Medical Malpractice—Physicians & Surgeons
  Other Professional Health Care Malpractice
Other PI/PD/WD (23)
  Premises Liability (e.g., slip and fall)
  Intentional Bodily Injury/PD/WD (e.g., assault, vandalism)
  Intentional Infliction of Emotional Distress
  Negligent Infliction of Emotional Distress
  Other PI/PD/WD

**Non-PI/PD/WD (Other) Tort**
Business Tort/Unfair Business Practice (07)
Civil Rights (e.g., discrimination, false arrest) *(not civil harassment)* (08)
Defamation (e.g., slander, libel) (13)
Fraud (16)
Intellectual Property (19)
Professional Negligence (25)
  Legal Malpractice
  Other Professional Malpractice *(not medical or legal)*
Other Non-PI/PD/WD Tort (35)

**Employment**
Wrongful Termination (36)
Other Employment (15)

**Contract**
Breach of Contract/Warranty (06)
  Breach of Rental/Lease Contract *(not unlawful detainer or wrongful eviction)*
  Contract/Warranty Breach–Seller Plaintiff *(not fraud or negligence)*
  Negligent Breach of Contract/Warranty
  Other Breach of Contract/Warranty
Collections (e.g., money owed, open book accounts) (09)
  Collection Case–Seller Plaintiff
  Other Promissory Note/Collections Case
Insurance Coverage *(not provisionally complex)* (18)
  Auto Subrogation
  Other Coverage
Other Contract (37)
  Contractual Fraud
  Other Contract Dispute

**Real Property**
Eminent Domain/Inverse Condemnation (14)
Wrongful Eviction (33)
Other Real Property (e.g., quiet title) (26)
  Writ of Possession of Real Property
  Mortgage Foreclosure
  Quiet Title
  Other Real Property *(not eminent domain, landlord/tenant, or foreclosure)*

**Unlawful Detainer**
Commercial (31)
Residential (32)
Drugs (38) *(if the case involves illegal drugs, check this item; otherwise, report as Commercial or Residential)*

**Judicial Review**
Asset Forfeiture (05)
Petition Re: Arbitration Award (11)
Writ of Mandate (02)
  Writ–Administrative Mandamus
  Writ–Mandamus on Limited Court Case Matter
  Writ–Other Limited Court Case Review
Other Judicial Review (39)
  Review of Health Officer Order
  Notice of Appeal–Labor Commissioner Appeals

**Provisionally Complex Civil Litigation (Cal. Rules of Court Rules 3.400–3.403)**
Antitrust/Trade Regulation (03)
Construction Defect (10)
Claims Involving Mass Tort (40)
Securities Litigation (28)
Environmental/Toxic Tort (30)
Insurance Coverage Claims *(arising from provisionally complex case type listed above)* (41)

**Enforcement of Judgment**
Enforcement of Judgment (20)
  Abstract of Judgment (Out of County)
  Confession of Judgment *(non-domestic relations)*
  Sister State Judgment
  Administrative Agency Award *(not unpaid taxes)*
  Petition/Certification of Entry of Judgment on Unpaid Taxes
  Other Enforcement of Judgment Case

**Miscellaneous Civil Complaint**
RICO (27)
Other Complaint *(not specified above)* (42)
  Declaratory Relief Only
  Injunctive Relief Only *(non-harassment)*
  Mechanics Lien
  Other Commercial Complaint Case *(non-tort/non-complex)*
  Other Civil Complaint *(non-tort/non-complex)*

**Miscellaneous Civil Petition**
Partnership and Corporate Governance (21)
Other Petition *(not specified above)* (43)
  Civil Harassment
  Workplace Violence
  Elder/Dependent Adult Abuse
  Election Contest
  Petition for Name Change
  Petition for Relief From Late Claim
  Other Civil Petition

CM-010 [Rev. July 1, 2007]

**CIVIL CASE COVER SHEET**

Page 2 of 2

**Exhibit A, Page 15**

1  SEYFARTH SHAW LLP
     Thomas Kaufman (State Bar No. 177936)
2    Laura Reathaford (State Bar No. 254751)
   2029 Century Park East, Suite 3300
3  Los Angeles, California 90067-3063
   Telephone: (310) 277-7200
4  Facsimile: (310) 201-5219

5  FERRIS & BRITTON
   A Professional Corporation
6    Christopher Q. Britton (State Bar No. 56623)
     W. Lee Biddle (State Bar No. 217128)
7  401 West A Street, Suite 1600
   San Diego, CA 92101
8  Telephone: (619) 233-3131
   Facsimile: (619) 232-9316

9

10  Attorneys for Defendant COXCOM, INC.

11

12                SUPERIOR COURT OF CALIFORNIA

13           COUNTY OF SAN DIEGO – CENTRAL DIVISION

14

15  ARMAN LASSITER, individually and on behalf )   Case No. 37-2008-00084510-CU-OE-CTL
    of other members of the general public similarly )
16  situated,                                    )   **DEFENDANT COXCOM, INC.'S**
                                                 )   **ANSWER TO UNVERIFIED**
17               Plaintiff,                       )   **COMPLAINT**
                                                 )
18        v.                                      )
                                                 )
19  COXCOM, INC., a Delaware Corporation; and    )
    DOES 1-50, inclusive,                        )
20                                               )
                 Defendants.                      )
21  _____ )   Complaint Filed: May 23, 2008

22

23        Defendant COXCOM, INC. hereby files its answer to the Unverified Complaint of Plaintiff

24  ARMAN LASSITER ("Plaintiff") as follows:

25                        **GENERAL DENIAL**

26        Pursuant to the provisions of California Code of Civil Procedure section 431.30(d), Defendant

27  denies, generally and specifically, each and every allegation, statement, matter and each purported

28  cause of action in Plaintiff's Unverified Complaint, and without limiting the generality of the

                                        1

FILED
CIVIL BUSINESS OFFICE
CENTRAL DIVISION

AUG 14 2008

CLERK • SUPERIOR COURT
SAN DIEGO COUNTY, CA

AUG 14 '08 PH 4:47

1  foregoing, deny, generally and specifically, that Plaintiff has been damaged in the manner or sums

2  alleged, or in any way at all, by reason of any acts or omissions of Defendant.

3  **SEPARATE DEFENSES**

4  In further answer to Plaintiff's Unverified Complaint, and as separate and distinct defenses,

5  Defendant alleges the following defenses.  In asserting these defenses, Defendant does not assume

6  the burden of proof as to matters that, pursuant to law, are Plaintiff's burden to prove.

7  Defendant does not presently know all of the facts and circumstances respecting Plaintiff's

8  claims.  Defendant reserves the right to amend this Answer should Defendant later discover facts

9  demonstrating the existence of additional defenses.

10  **FIRST DEFENSE**

11  (Failure to State a Cause of Action)

12  1.  Neither Plaintiff's Complaint nor any purported cause of action therein alleged, state

13  facts sufficient to constitute claims upon which relief may be granted against Defendant.

14  **SECOND DEFENSE**

15  (Statutes of Limitations)

16  2.  Plaintiff's claims, in whole or in part, are barred by the applicable statutes of

17  limitations, including, but not limited to, California Business and Professions Code Section 17208

18  and California Code of Civil Procedure Section 340.

19  **THIRD DEFENSE**

20  (Laches)

21  3.  Plaintiff has delayed inexcusably and unreasonably in the filing of this action causing

22  substantial prejudice to Defendant and thus Plaintiff's claims are barred by the equitable doctrine of

23  laches.

24  **FOURTH DEFENSE**

25  (Estoppel and Waiver)

26  4.  Plaintiff's Complaint, and each and every cause of action alleged therein, is barred by

27  the doctrines of estoppel and waiver.

28  ///

2

**DEFENDANT COXCOM, INC.'S ANSWER TO UNVERIFIED COMPLAINT**

**FIFTH DEFENSE**

(Unclean Hands)

5.    Plaintiff's Complaint, and each and every cause of action alleged therein, is barred by the doctrine of unclean hands.

**SIXTH DEFENSE**

(No Penalty)

6.    Plaintiff is not entitled to any penalty award under section 203 of the California Labor Code since, at all times relevant and material herein, Defendant did not willfully fail to comply with the compensation provisions of the California Labor Code, but rather acted in good faith and had reasonable grounds for believing that they did not violate the compensation provisions of the California Labor Code.

**SEVENTH DEFENSE**

(Attorneys' Fees)

7.    The Complaint fails to allege facts sufficient to establish a claim for attorneys' fees.

**EIGHTH DEFENSE**

(Penalties)

8.    The Complaint fails to allege facts sufficient to establish a claim for penalties under the California Labor Code, including, but not limited to, sections 203 and 226.

**NINTH DEFENSE**

(Failure to Follow Employer Instructions)

9.    To the extent Plaintiff missed meal periods as a result of a willful failure to follow his employer's directions, he may not recover any penalty pay as a result of such missed meal periods.

**TENTH DEFENSE**

(Equitable Set Off)

10.    To the extent that a court holds that Plaintiff is entitled to damages or penalties, Defendant is entitled as a matter of equity to a set off for rest and meal periods provided Plaintiff, to which Plaintiff was not entitled under the law, and to the extent Plaintiff was paid wages to which he was not entitled to under the law.

3

**DEFENDANT COXCOM, INC.'S ANSWER TO UNVERIFIED COMPLAINT**

Exhibit B, Page 18

## ELEVENTH DEFENSE

### (Constitutionality)

11.     The penalties claimed by Plaintiff in this case are excessive and, thus, violate the state and federal Constitutions.

## TWELFTH DEFENSE

### (Failure to Exhaust Administrative Remedies)

12.     The Complaint, and each cause of action alleged therein, are barred because Plaintiff failed to exhaust his administrative remedies.

## THIRTEENTH DEFENSE

### (Adequate Legal Remedy)

13.     Plaintiff's claims for injunctive relief are barred because Plaintiff has an adequate and complete remedy at law, and/or Plaintiff cannot make the requisite showing to obtain injunctive relief in a labor dispute under California Labor Code Section 1138.1, *et seq*.

## FOURTEENTH DEFENSE

### (No Injury)

14.     Plaintiff's claim for penalties pursuant to California Labor Code, section 226 fails because he has not suffered injury as a result of the challenged statutory violation.

## FIFTEENTH DEFENSE

### (No Punitive Damages)

15.     Plaintiff is not entitled to recover any punitive or exemplary damages from Defendant and any allegations with respect thereto should be stricken because Defendant did not commit or authorize others to commit any alleged oppressive, fraudulent or malicious acts. (Cal. Civ. Code § 3294(a).)

## SIXTEENTH DEFENSE

### (Insufficient Service)

16.     Plaintiff failed to serve the summons and Complaint in this action upon Defendant in accordance with statutory and constitutional requirements.

///

4

**DEFENDANT COXCOM, INC.'S ANSWER TO UNVERIFIED COMPLAINT**

1

<u>**SEVENTEENTH DEFENSE**</u>

2

(No Basis for Class Claims)

3        17.    Plaintiff cannot establish the requirements for certification of a class under Code of

4    Civil Procedure section 382.

5

6        WHEREFORE, Defendant prays for judgment as follows:

7        1.    That Plaintiff take nothing by his Complaint on file herein;

8        2.    That judgment be entered in favor of Defendant and against Plaintiff on all causes of

9            action;

10        3.    That Defendant be awarded reasonable attorney's fees according to proof;

11        4.    That Defendant be awarded the costs of suit incurred herein; and

12        5.    That Defendant be awarded such other and further relief as the Court may deem

13            appropriate.

14

15    DATED: August 14, 2008                    FERRIS & BRITTON, APC

16                                        By  _Christopher Q. Britton_

17                                            Christopher Q. Britton
                                            Attorneys for Defendant

18                                            COXCOM, INC.

19

20                                            SEYFARTH SHAW LLP
                                            Thomas Kaufman

21                                            Laura Reathaford
                                            Attorneys for Defendant

22                                            COXCOM, INC.

23

24

25

26

27

28

5

**DEFENDANT COXCOM, INC.'S ANSWER TO UNVERIFIED COMPLAINT**

**PROOF OF SERVICE BY MAIL**

1

2      I, Lorell Fleming, declare that:  I am over the age of 18 years and not a party to the case; I am employed in, or am a resident of, the County of San Diego, California, where mailing occurs; and my business address is: 401 West A Street, Suite 1600, San Diego, California 92101.

3

4      I further declare that I am readily familiar with the business' practice for collection and processing of correspondence for mailing with the United States Postal Service; and that the correspondence shall be deposited with the United States Postal Service this same day in the ordinary course of business.

5

6      I served the following document(s):  **DEFENDANT COXCOM, INC.'s ANSWER TO UNVERIFIED COMPLAINT** by placing a true copy of each document in a separate envelope addressed to each addressee, respectively, as follows:

7

8

9      **Alison M. Miceli, Esq.**
    **Sullivan & Christiani LLP**
    **2330 Third Avenue**
10      **San Diego, California 92101**

11      I then sealed each envelope and, with postage thereon fully prepaid,

12  [ ]      I deposited each in the United States Postal Service at San Diego, CA.

13  [X]      I placed each for deposit in the United States Postal Service, this same day, at my business address shown above, following ordinary business practices.

14

15      I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

16

17  Dated: ___Aug. 14, 2008___          ___Lorell Fleming___

18                                         Lorell Fleming

19

20

21

22

23

24

25

26

27

28

1

**PROOF OF SERVICE BY MAIL**

Exhibit B, Page 21

EXHIBIT C

1 | SEYFARTH SHAW LLP
   Thomas Kaufman (State Bar No. 177936)
2 |    Laura Reathaford (State Bar No. 254751)
2029 Century Park East, Suite 3300
3 | Los Angeles, California 90067-3063
Telephone: (310) 277-7200
4 | Facsimile: (310) 201-5219

5 | FERRIS & BRITTON
A Professional Corporation
6 |    Christopher Q. Britton (SBN 056623)
   W. Lee Biddle (SBN 217218)
7 | 401 West A Street, Suite 1600
San Diego, CA 92101
8 | Telephone (619) 233-3131
Fax (619) 232-9316

9

10 | Attorneys for Defendant COXCOM, INC.

11 | SUPERIOR COURT OF CALIFORNIA

12 | COUNTY OF SAN DIEGO – CENTRAL DIVISION

13

| | |
|---|---|
| ARMAN LASSITER, individually and on behalf of other members of the general public similarly situated, | Case No. 37-2008-00084510-CU-OE-CTL |
| | **DEFENDANT COXCOM, INC.'S NOTICE OF MOTION AND MOTION TO QUASH SERVICE OF SUMMONS [Code Civ. Pro. § 418.10]** |
| Plaintiff, | |
| v. | Complaint filed: October 25, 1999 |
| COXCOM, INC., a Delaware Corporation; and DOES 1-50, inclusive, | Date: Oct. 24, 2008 |
| | Time: 10:30 a.m. |
| Defendants. | Judge: Hon. Steven R. Denton |
| | Dept: 73 |

22 | TO ALL PARTIES AND THEIR RESPECTIVE ATTORNEYS OF RECORD:

23 |     PLEASE TAKE NOTICE that on Friday, October 24, 2008, at 10:30 a.m., or as soon

24 | thereafter as the matter may be heard before the Honorable Steven R. Denton in Department 73 of

25 | this court, located at 330 West Broadway, San Diego, California, 92101, defendant, COXCOM, INC.

26 | will, and hereby does, specially appear and move this Court to quash service of summons.

27 |     This motion to quash is made pursuant to Code of Civil Procedure section 418.10 on the

28 | grounds that this Court lacks personal jurisdiction over said defendant because no authorized method

---

1

**DEFENDANT COXCOM, INC.'S NOTICE OF MOTION AND MOTION TO QUASH
SERVICE OF SUMMONS**

1   of service was properly completed and said defendant has not made a general appearance in this

2   action.   In particular, despite the contrary statement in the Proof of Service filed on July 22, 2008, in

3   this action, personal service of the summons and complaint was not made on the defendant's agent

4   for service of process on June 27, 2008, or at any other time.

5        This motion to quash the service of summons is based on this Notice of Motion, the

6   Memorandum of Points and Authorities in support of the motion, and the Declarations of Becky

7   DeGeorge, Steven Cassidy, Brenda Sharpless, Joseph Freeman, Victoria Diamond and W. Lee Biddle

8   in support of the motion, all filed herewith, all matters of which the Court may take notice, the entire

9   file in this action, and such oral and documentary evidence as may be presented at or before the

10  hearing.

13  Dated: _____8/14/08_____

     FERRIS & BRITTON
     A Professional Corporation

     By: *Christopher Q. Britton*
          Christopher Q. Britton
          W. Lee Biddle
     Attorneys for Defendant
     COXCOM, INC.

     SEYFARTH SHAW LLP
          Thomas Kaufman
          Laura Reathaford
     Attorneys for Defendant
     COXCOM, INC.

2

**DEFENDANT COXCOM, INC.'S NOTICE OF MOTION AND MOTION TO QUASH
SERVICE OF SUMMONS**

Exhibit C, Page 23

**PROOF OF SERVICE BY MAIL**

I, Lorell Fleming, declare that: I am over the age of 18 years and not a party to the case; I am employed in, or am a resident of, the County of San Diego, California, where mailing occurs; and my business address is: 401 West A Street, Suite 1600, San Diego, California 92101.

I further declare that I am readily familiar with the business' practice for collection and processing of correspondence for mailing with the United States Postal Service; and that the correspondence shall be deposited with the United States Postal Service this same day in the ordinary course of business.

I served the following document(s): **DEFENDANT COXCOM, INC.'S NOTICE OF MOTION AND MOTION TO QUASH SERVICE OF SUMMONS; DEFENDANT COXCOM, INC.'S MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF ITS MOTION TO QUASH SERVICE OF SUMMONS; and NOTICE OF LODGMENT OF COXCOM, INC. IN SUPPORT OF MOTION TO QUASH SERVICE OF SUMMONS** by placing a true copy of each document in a separate envelope addressed to each addressee, respectively, as follows:

**Alison M. Miceli, Esq.**
**Sullivan & Christiani LLP**
**2330 Third Avenue**
**San Diego, California 92101**

I then sealed each envelope and, with postage thereon fully prepaid,

[ ]    I deposited each in the United States Postal Service at San Diego, CA.

[X]    I placed each for deposit in the United States Postal Service, this same day, at my business address shown above, following ordinary business practices.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Dated: _Aug. 14, 2008_           _Lorell Fleming_
                                  Lorell Fleming

1

**PROOF OF SERVICE BY MAIL**

1  SEYFARTH SHAW LLP
     Thomas Kaufman (SBN. 177936)
2    Laura Reathaford (SBN. 254751)
   2029 Century Park East, Suite 3300
3  Los Angeles, California 90067-3063
   Telephone: (310) 277-7200
4  Facsimile: (310) 201-5219

5  FERRIS & BRITTON
   A Professional Corporation
6    Christopher Q. Britton (SBN 056623)
     W. Lee Biddle (SBN 217128)
7  401 West A Street, Suite 1600
   San Diego, CA 92101
8  Telephone (619) 233-3131
   Fax (619) 232-9316

9

10 Attorneys for Defendant COXCOM, INC.

F I L E D
CIVIL BUSINESS OFFICE
CENTRAL DIVISION

AUG 1 4 2008

CLERK-SUPERIOR COURT
SAN DIEGO COUNTY, CA

AUG 14 '08 PM 4:45

11              SUPERIOR COURT OF CALIFORNIA

12          COUNTY OF SAN DIEGO – CENTRAL DIVISION

13

| | |
|---|---|
| 14  ARMAN LASSITER, individually and on behalf of other members of the general public similarly situated, | Case No. 37-2008-00084510-CU-OE-CTL |
| 15 | **DEFENDANT COXCOM, INC.'S** |
| | **MEMORANDUM OF POINTS AND** |
| 16          Plaintiff, | **AUTHORITIES IN SUPPORT OF ITS** |
| | **MOTION TO QUASH SERVICE OF** |
| 17     v. | **SUMMONS [Code Civ. Pro. § 418.10]** |
| 18  COXCOM, INC., a Delaware Corporation; and DOES 1-50, inclusive, | Complaint filed: May 23, 2008 |
| 19          Defendants. | Date: Oct. 24, 2008 |
| 20 | Time: 10:30 a.m. |
| | Judge: Hon. Steven R. Denton |
| 21 | Dept: 73 |

22

23         Defendant, COXCOM, INC. (hereinafter "Cox"), appearing specially pursuant to Code of

24  Civil Procedure section 418.10, submits this memorandum of points and authorities in support of its

25  motion to quash service of summons.

26  ///

27  ///

28  ///

1

**DEFENDANT COXCOM, INC'S MEMORANDUM OF POINTS AND AUTHORITIES IN
SUPPORT OF ITS MOTION TO QUASH SERVICE OF SUMMONS**

## I.    SUMMARY OF ARGUMENT

This motion to quash is made pursuant to Code of Civil Procedure section 418.10 on the ground that

this Court lacks personal jurisdiction because no authorized method of service was properly

completed on Cox and Cox has not made a general appearance in this action.

Personal service was not accomplished.    On July 22, 2008, plaintiff filed a Proof of Service[1]

declaring that Cox's agent for service of process, Corporation Service Company ("CSC"), was

personally served with the summons and complaint on June 27, 2008.  Contrary to that declaration,

Cox's agent for service of process was not personally served with the summons or complaint on June

27, 2008, or, as of the drafting of this memorandum, at any time thereafter.  The only thing that was

served on CSC as agent for service of process for Cox on June 27, 2008 was a two page letter

addressed to the Labor and Workforce Development Agency ("LWD Letter") accompanied by a

sheet of paper bearing Cox's name and the address of CSC and a brief notation. (Exhibit B to Cox's

Notice of Lodgment)  Although the letter was personally served on June 27, 2008, it states "Via

Certified U.S. Mail Only." Cox was given notice of the service of this three page document by CSC

on June 27, 2008.  The factual basis for this assertion is set forth in the declarations of CSC

employees Brenda Sharpless, Becky DeGeorge and Steven Cassidy, and Cox Communications, Inc.

employee Joseph Freeman.  Cox was not personally served with the summons and complaint on June

27, 2008, or at any other time.

Defendant has not made a general appearance.  Cox has filed its Answer concurrently with the

filing of this motion to quash.  A defendant may make a motion to quash service of summons and

simultaneously file an Answer and doing so does not constitute a general appearance unless and until

the court enters an order denying the motion.  (Code Civ. Pro. § 418.10(e)(1).)

## II.    ARGUMENT

A California court may exercise jurisdiction on any basis not inconsistent with the state or

federal constitution.  (Code Civ. Pro. § 410.10.)

/ / /

---

[1] Exhibit A to Cox's Notice of Lodgment.

2

**DEFENDANT COXCOM, INC'S MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF ITS MOTION TO QUASH SERVICE OF SUMMONS**

1    Code of Civil Procedure section 410.50(a) provides: "Except as otherwise provided by

2    statute, the court in which an action is pending has jurisdiction over a party *from the time summons is*

3    *served on him as provided in Chapter 4 (commencing with section 413.10).* A general appearance by

4    a party is equivalent to personal service of summons on such party." (Emphasis added.)

5    Code of Civil Procedure section 413.10 provides in pertinent part: "Except as otherwise

6    provided by statute, a summons shall be served on a person:  (a) Within this state, as provided in this

7    chapter."

8    Code of Civil Procedure section 415.10 provides in pertinent part: "A summons may be

9    served by personal delivery of a copy of the summons and of the complaint to the person to be

10    served.  Service of a summons in this manner is deemed complete at the time of such delivery."

11    In the instant action, plaintiff purports to have personally served the summons and complaint

12    on Cox' agent for service of process, and nearly a month later, on July 22, 2008, filed a Proof of

13    Service claiming to have achieved service of the summons and complaint on June 27, 2008.[2] If

14    plaintiff had delivered the summons and complaint to CSC on June 27, service on Cox would be

15    deemed complete at the time of such personal delivery, and this Court would have personal

16    jurisdiction over Cox.  However, as set forth in the factual declarations submitted by Cox in support

17    of this motion and discussed further below, Cox's agent for service of process was not personally

18    served with the summons or complaint on June 27, 2008, but instead was personally served with only

19    the LWD Letter, which CSC forwarded on to Cox.  Cox has not been personally served with the

20    summons and complaint and, therefore, this Court cannot exercise personal jurisdiction over Cox at

21    this time.[3]

22    **1.    A motion to quash is the proper method to challenge the jurisdiction of the court.**

23    A defendant may serve and file a motion to quash service of summons on the ground of lack

24    of personal jurisdiction on or before the last day of his or her time to responsively plead or within any

25    ―――――――――――――――――――
[2] The case file at the Clerk's office contains an Order To Show Cause from the Court ordering Plaintiff to show cause
26    why service had not been accomplished within the required sixty day period following filing of the complaint, which
     indicates that the Court itself believed that service had not been accomplished within 60 days of the May 23 filing date.
27    Exhibit C to Cox's Notice of Lodgment is a true and correct copy of this OSC.  Declaration of W. Lee Biddle, Exhibit D
     to Cox's Notice of Lodgment.
28    [3] If and when personal service of the summons and complaint is in fact served on Cox, the court would acquire personal
     jurisdiction over Cox in this action.  However, this has not yet happened.

3

**DEFENDANT COXCOM, INC'S MEMORANDUM OF POINTS AND AUTHORITIES IN
SUPPORT OF ITS MOTION TO QUASH SERVICE OF SUMMONS**

1  further time that the court may for good cause allow. (Code Civ. Pro. § 418.10(a).)  Section 418.10

2  allows a defendant to make a special appearance for the purpose of challenging the jurisdiction of the

3  court without submitting to the jurisdiction of the court.  (See, Jud. Coun. Com. to § 418.10.)

4      **2.**    **Personal service was not accomplished**

5          **a.**    **The burden is on plaintiff to prove facts establishing effective service.**

6      "In the absence of a voluntary submission to the authority of the court, compliance with the

7  statutes governing service of process is essential to establish that court's personal jurisdiction over a

8  defendant. When a defendant challenges that jurisdiction by bringing a motion to quash, the burden is

9  on the plaintiff to prove the existence of jurisdiction by proving, inter alia, the facts requisite to an

10  effective service." (*Dill v. Berquist Construction Co.*, (1994) 24 Cal.App.4th 1426, 1439-1440.)

11      It is the "accepted rule in this state that a sworn return of service of a summons may be

12  impeached by evidence that contradicts it." (*City of Los Angeles v. Morgan* (1951) 105 Cal.App.2d

13  726, 731.) Moreover, under Evidence Code section 647, the presumption in favor of the facts stated

14  in the return exists only when the return is signed by a registered process server.  Here, the return is

15  signed by Plaintiff's counsel, who acknowledges in the return (Ex. A, section 7e(1)) that he is not a

16  registered process server.  Therefore, the return of service in this case does not relieve Plaintiff of his

17  initial burden of establishing all facts supporting jurisdiction.

18      Finally, the fact that defendant may have had actual notice of the action does not cure the lack

19  of service. (*Kappel v. Bartlett* (1988) 200 Cal.App.3d 1457, 1466.)

20      **b.**  **Cox has submitted convincing evidence contradicting the plaintiff's Proof of Service and plaintiff has not and cannot meet its burden to prove facts**

21        **establishing effective service.**

22      CoxCom has not yet been properly served with the summons and complaint.

23      Via a letter dated August 4, 2008,[4] CoxCom first learned that Plaintiff purported to have

24  served the summons and complaint on CoxCom's agent for service of process, Corporation Services

25  Company.  Plaintiff threatened to seek the default of CoxCom if CoxCom did not answer the

26  complaint within four days of receiving the letter. (Declaration of Joseph Freeman, Ex. F to Cox's

27  Notice of Lodgment, ¶ 2)

28

---

[4] Exhibit E to Cox's Notice of Lodgment.

4

DEFENDANT COXCOM, INC'S MEMORANDUM OF POINTS AND AUTHORITIES IN
SUPPORT OF ITS MOTION TO QUASH SERVICE OF SUMMONS

1    The August 4th letter asserted that this service occurred on June 27, 2008. The Proof of

2    Service found in the Superior Court's files in this action states that Plaintiff's Counsel, William

3    Sullivan, personally served the Complaint and related papers on CoxCom's Agent for Service of

4    Process, the Corporation Services Company ("CSC") at CSC's offices in Sacramento, CA. However,

5    as detailed below, Corporation Services Company denies that it received this service.

6    Declaration of Becky DeGeorge of CSC.

7    Cox has submitted the Declaration of Becky DeGeorge,[5] who is employed by CSC as a

8    Customer Service Associate in its Sacramento, California, office. Her duties include serving as a

9    receptionist in CSC's reception area. Typically, process servers come in and drop whatever they are

10   serving in the basket on her desk and record her name, which appears on a nameplate that is also

11   located on her desk. Some persons serving process feel it necessary to actually hand her what is

12   being served, in which case she receives it. It makes no difference whether the document is dropped

13   in the basket or handed to her. (Dec. of Becky DeGeorge, ¶ 1.)

14   Once the document is received, she removes the staple, if any, and attaches a paper clip or

15   binder clip (depending on the size of the document) to each individual document served. (Dec. of

16   Becky DeGeorge, ¶ 2.)

17   Thereafter, the documents are picked up by a router, i.e. one of the persons whose job it is to

18   transport documents that have been received back to the Litigation Management Service ("LMS")

19   team area. It is a set procedure that the routers are to go straight from the reception area with the

20   documents to the LMS area and do not deviate to any other areas. (Dec. of Becky DeGeorge, ¶ 3.)

21   Ms. DeGeorge was on duty as the CSC receptionist on June 27, 2008. To the best of her

22   recollection, she was at her desk at 8:42 a.m. CSC received 497 documents in Sacramento on

23   June 27, 2008. Each of these documents was picked up by a router or member of the LMS team and

24   removed from the reception area for transport to the LMS area by the end of the day. (Dec. of Becky

25   DeGeorge, ¶ 4.)

26   Upon being advised that plaintiff is claiming to have served a summons and complaint on Cox

27   on June 27, 2008, and that CSC had no record of the service of such documents, Ms. DeGeorge

28

[5] Exhibit G to Cox's Notice of Lodgment.

5

**DEFENDANT COXCOM, INC'S MEMORANDUM OF POINTS AND AUTHORITIES IN
SUPPORT OF ITS MOTION TO QUASH SERVICE OF SUMMONS**

1 | conducted a physical search of the reception area to see if the copies of the documents allegedly
2 | served could be found. Her search was unsuccessful. (Dec. of Becky DeGeorge, ¶ 5)
3. |     Ms. DeGeorge has worked for CSC for 19 years and has been receiving and doing initial
4 | processing of the documents received for the last eight years. It is her unvarying custom and practice
5 | to remove the staples and clip each separate document received. She did not vary from her practice
6 | on that day. She processed each document received while she was on duty, and all of the documents
7 | she processed were picked up for transport to the LMS department. It is her strong belief that if a
8 | complaint had been served in the above-captioned matter on June 27, 2008 while she was on duty,
9 | she would have processed it, removing any staples and clipping each individual document in
10 | whatever package of documents was served. (Dec. of Becky DeGeorge, ¶ 6.)
11 |     Declaration of Steven Cassidy of CSC.
12 |     Cox has also submitted the Declaration of Steven Cassidy,[6] who is employed by CSC as a
13 | member of its Litigation Management Systems department. Mr. Cassidy was on duty on June 27,
14 | 2008, and he was the person who logged in the only service that was received by CSC as agent for
15 | service of process for Cox in the Lassiter matter on that date. Mr. Cassidy has checked CSC's
16 | records, and the only service received in the Sacramento office for CoxCom on June 27, 2008, was
17 | logged in as a three-page document ("the service") consisting of a two page letter addressed to Labor
18 | and Workforce Development Agency Re: *Arman Lassiter v. CoxCom, Inc.* and a one page document
19 | bearing CoxCom, Inc.'s ("Cox") name, CSC's address and a brief notation. (Dec. of Steven Cassidy,
20 | ¶ 1.) Exhibit B to Cox's Notice of Lodgment is a true and correct copy of the letter and
21 | accompanying page that plaintiff undisputedly served on June 27, 2008. (Dec. of Brenda Sharpless, ¶
22 | 2)   The letter bears the statement printed in bold above and to the right of the greeting that reads:
23 | **"Via Certified U.S. Mail Only".**
24 |     Mr. Cassidy explains that the service was delivered to the LMS department area by a router
25 | who brings services that have been received from the reception area, which is approximately 120 feet
26 | away. CSC standard operating procedure requires that the routers bring services directly from the
27 | reception area to the LMS department. Upon arrival in the LMS department, the router drops the
28 |

_____
[6] Exhibit H to Cox's Notice of Lodgment.

6

**DEFENDANT COXCOM, INC'S MEMORANDUM OF POINTS AND AUTHORITIES IN
SUPPORT OF ITS MOTION TO QUASH SERVICE OF SUMMONS**

1  service into the "Priority Service" basket, because Cox is a priority customer. As the person

2  performing the log in process, Mr. Cassidy would have taken the service from the basket and

3  reviewed page by page to determine who is being served, whether it is a court or non-court document

4  and extracted and entered the information required by the Log In Template, a true and correct copy of

5  which is Exhibit 1 to the Declaration of Steven Cassidy (Ex. H), into the LMS database. The service

6  is then scanned into CSC's LMS system. (Dec. of Steven Cassidy, ¶ 2.)

7       Mr. Cassidy states that the foregoing description is the standard operating procedure for

8  logging in documents at CSC and it is the procedure that he follows as a matter of custom and

9  practice. Although he does not remember this specific document, he has no reason to believe that he

10  deviated from standard operating procedures in any way. Mr. Cassidy has worked logging in

11  services for the last three years, and he is very familiar with summons and complaints, as he has often

12  been called upon to review, log and scan them in during the course of his CSC employment. Mr.

13  Cassidy is confident that if the materials that were served on Cox on June 27, 2008 had included a

14  complaint, he would have become aware of it in the course of the review associated with the log in

15  process and would have logged it in as a summons and complaint. Based on the fact that no

16  summons and complaint was logged in the *Lassiter* case, it is Mr. Cassidy's opinion that no summons

17  and complaint were received by CSC on June 27, 2008 or on any day thereafter. (Dec. of Steven

18  Cassidy, ¶ 3.)

19       Mr. Cassidy further states that it is not uncommon for a court document and a non-court

20  document to be served together as part of the same service. If that had occurred, the court document

21  would have been the one selected as the title of the log in with the accompanying non-court document

22  noted. Because there was no court document that was part of the June 27, 2008 service of Cox, this

23  did not occur. (Dec. of Steven Cassidy, ¶ 4.)

24       Upon learning that plaintiff contends that he served Cox by serving CSC with a summons and

25  complaint in the Lassiter matter on June 27, 2008, and that CSC has no record of the service, Mr.

26  Cassidy searched the LMS area and the area connecting the reception area to the LMS area looking

27  for the summons and complaint and found no such documents. (Dec. of Steven Cassidy, ¶ 5)

28  ///

7

**DEFENDANT COXCOM, INC'S MEMORANDUM OF POINTS AND AUTHORITIES IN
SUPPORT OF ITS MOTION TO QUASH SERVICE OF SUMMONS**

1    Declaration of Brenda Sharpless of CSC.

2        Cox has also submitted the Declaration of Brenda Sharpless,[7] who is employed by CSC as a

3    Certified Customer Service Associate.  She is the Customer Service Associate with primary

4    responsibility for processing documents served on CSC as agent for service of process for CoxCom,

5    Inc. in California.   Documents served on CSC as agents for its customers are referred to as

6    "services." (Dec. of Brenda Sharpless, ¶ 1.)

7        Ms. Sharpless has worked for CSC since December 2, 2002.  She is assigned to the Litigation

8    Management Systems ("LMS") department.  In addition to managing her own assigned accounts, she

9    is also a member of the LMS Quality Team, which involves reviewing procedures, system issues and

10   enhancements and training other persons to use the system.  She is very familiar with CSC's

11   procedures for processing services received for its customers.  (Dec. of Brenda Sharpless, ¶ 2.)

12       Ms. Sharpless has reviewed CSC's global list of services received regularly throughout each

13   day to find services that have been received for Cox.  When a service for Cox is received by CSC and

14   has been logged in and scanned into the LMS, she retrieves the document from the LMS, opens it,

15   and reviews each page of each service to insure that data already extracted from the service and

16   entered in the LMS data base is correct and to ascertain and enter additional data, including nature of

17   the case, sender details, response date, and document type.  Her review includes checking for any

18   missing or skipped pages.  The foregoing procedure is CSC standard operating procedure which she

19   follows.  (Dec. of Brenda Sharpless, ¶ 3.)

20       On June 27, 2008, Ms. Sharpless noted that Document #4176215 had been logged in as a

21   service for Cox.  She opened and reviewed the document as described above, verifying and logging

22   in the necessary information.  The service consisted of three pages, a two page letter addressed to

23   Labor and Workforce Development Agency Re: *Arman Lassiter v. CoxCom, Inc.* ("Lassiter"), and a

24   page addressed to CoxCom, Inc. c/o Lawyers Incorporating Service on which the following notation

25   appeared: "Letter re 2699 Complaint".  (Dec. of Brenda Sharpless, ¶ 4.)

26       At intervals throughout June 27, 2008, she looked for services for Cox on CSC's LMS.  The

27   letter to the Labor and Workforce Development agency and page addressed to CoxCom, Inc. were the

28
_____
[7] Exhibit I to Cox's Notice of Lodgment.

8

**DEFENDANT COXCOM, INC'S MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF ITS MOTION TO QUASH SERVICE OF SUMMONS**

1   only service that was logged into CSC's system for Cox in the Lassiter matter on June 27, 2008.

2   (Dec. of Brenda Sharpless, ¶ 5)

3        Following her review of the service, at 5:19 p.m. EDT on June 27, 2008, CSC notified Vickie

4   Diamond of Cox via email that service of the Letter to the Labor and Workforce Development

5   Agency and the accompanying note in the Lassiter matter had been received. (Dec. of Brenda

6   Sharpless, ¶ 6.)

7        There have been a total of three services received by CSC in the Lassiter matter.  In addition

8   to the June 27, 2008 service of the letter to the Labor and Workforce Development Agency described

9   above, on June 30, 2008, the same letter to the Labor and Workforce Development Agency was

10  received by CSC from plaintiff via certified mail, and on July 31, 2008, a one page letter concerning

11  receipt of a notice of alleged Labor Code violations  pursuant to Labor Code Section Board 2699,

12  was received via certified mail from Doug Hoffner, Undersecretary of the California Labor &

13  Workforce Development Agency.   (Dec. of Brenda Sharpless, ¶ 7.)

14       As the person at CSC primarily responsible for processing services received for Cox, Ms.

15  Sharpless regularly checks for services received for Cox throughout each business day.  She has

16  conducted such checks of the LMS on a daily basis (excluding holidays and weekends) since June 27,

17  2008.  If any summons and complaint in the *Lassiter* matter had been logged or scanned in to CSC's

18  LMS at any time on or since June 27, 2008, she would be aware of it.  No summons or complaint in

19  the Lassiter case has been logged or scanned in to the LMS on or since June 27, 2008.  CSC has no

20  record of such a summons and complaint ever having been served on it as an agent for Cox.  Based

21  on her familiarity with CSC's procedures for handling services, her awareness that CSC's policy and

22  practice is to log and scan in every service received on the day of its receipt and the absence of any

23  record at CSC that any summons and complaint has been received in the Lassiter matter, it is Ms.

24  Sharpless' opinion that no summons and complaint in the Lassiter case have ever been served on

25  CSC in its capacity as agent for service of process for Cox or otherwise. (Dec. of Brenda Sharpless, ¶

26  8.)

27  / / /

28  / / /

9

**DEFENDANT COXCOM, INC'S MEMORANDUM OF POINTS AND AUTHORITIES IN
SUPPORT OF ITS MOTION TO QUASH SERVICE OF SUMMONS**

**c.    Plaintiff appears to have served the wrong document.**

In light of the foregoing facts, and particularly the facts that plaintiff did serve the letter which is Exhibit B on June 27 and that said letter bears the statement, **"Via Certified U.S. Mail Only"**, it appears that plaintiff mistakenly served the wrong document. The letter to the Labor and Workforce Development Agency was not required to be served on Cox by personal service on Cox's agent. In fact, the language of the applicable statute (Labor Code §2699.3(a)(1)) requires that "[t]he aggrieved employee or representative <u>shall</u> give written notice <u>by certified mail</u> to the Labor and Workforce Development Agency <u>and the employer</u> of the specific provisions of this code alleged to have been violated..." (emphasis added)  Indeed, a few days later, plaintiff apparently realized his mistake and sent a copy of the identical letter to CSC via certified mail. (Dec. of Brenda Sharpless, ¶7)

Given plaintiff's obvious intent to serve the letter to the Agency via certified mail and the fact that CSC has <u>no record whatsoever</u> of any summons and complaint being filed, it is certainly conceivable that plaintiff's counsel was handed an envelope by someone in his office which he incorrectly believed to be the summons and complaint and delivered it to CSC on June 27 and thereafter, in the good faith, albeit mistaken, belief that he had served the summons and complaint, filed the Proof of Service (Ex. A) on July 22, 2008. Such imperfections are part of the human condition. No one is to blame for the confusion, but neither should Cox be penalized as the result of such mistake by being treated as if it has been served when it has not.

**d.    Neither logic nor physical evidence supports the existence of any service of summons or complaint.**

There would have been no reason for CSC to log and scan in one of multiple documents simultaneously served. Presumably, the summons and complaint were larger than the two page letter and one page handwritten address that are known to have been served on June 27th. If a document was going to be lost, it is more likely that the smaller document would be the one misplaced. In an exercise of caution, the entire area at CSC from the reception area to and including the area where logging in and scanning take place have been searched and no summons or complaint has been found. (Dec. of Becky DeGeorge, ¶ 5; Dec. of Steven Cassidy, ¶ 5)

/ / /

**DEFENDANT COXCOM, INC'S MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF ITS MOTION TO QUASH SERVICE OF SUMMONS**

1     e.    **Cox has not received notice of the service of any summons and complaint.**

2     Not only has CSC not given notice of the service of any summons or complaint in this matter,

3     but apart from plaintiff's assertions in the Proof of Service (Ex. A) and Miceli August 4 letter (Ex. E),

4     the correctness of both of which Cox contests, Cox has received no notice that a summons or

5     complaint have been served at any time in this case. (Freeman Declaration, Ex. F, ¶ 5; Dec. of Vickie

6     Diamond,[8] ¶ 3)

7     3.    **Defendant has not made a general appearance.**

8     Cox has filed its Answer concurrently with the filing of this motion to quash.  A defendant

9     may make a motion to quash service of summons and simultaneously file an Answer and doing so

10    does not constitute a general appearance unless and until the court enters an order denying the

11    motion.   (Code Civ. Pro. § 418.10(e)(1).)

12    ///

13    ///

14    ///

15    ///

16    ///

17    ///

18    ///

19    ///

20    ///

21    ///

22    ///

23    ///

24    ///

25    ///

26    ///

27    ///

28

---

[8] Exhibit J to Cox's Notice of Lodgment

11

**DEFENDANT COXCOM, INC'S MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF ITS MOTION TO QUASH SERVICE OF SUMMONS**

1    **III.    CONCLUSION**

2        Based on the evidence submitted by Cox and the foregoing reasons, Cox's motion to quash

3    service of summons should be granted.

4

5

6

7    Dated:  August 14, 2008

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

FERRIS & BRITTON
A Professional Corporation

By:    *Christopher Q. Britton*
Christopher Q. Britton
W. Lee Biddle

Attorneys for Defendant
COXCOM, INC.

SEYFARTH SHAW LLP
Thomas Kaufman
Laura Reathaford

Attorneys for Defendant
COXCOM, INC.

**DEFENDANT COXCOM, INC'S MEMORANDUM OF POINTS AND AUTHORITIES IN
SUPPORT OF ITS MOTION TO QUASH SERVICE OF SUMMONS**

Exhibit C, Page 36

## PROOF OF SERVICE BY MAIL

1

2      I, Lorell Fleming, declare that:  I am over the age of 18 years and not a party to the case; I am
employed in, or am a resident of, the County of San Diego, California, where mailing occurs; and my
3   business address is: 401 West A Street, Suite 1600, San Diego, California 92101.

4      I further declare that I am readily familiar with the business' practice for collection and
processing of correspondence for mailing with the United States Postal Service; and that the
5   correspondence shall be deposited with the United States Postal Service this same day in the ordinary
course of business.

6
      I served the following document(s):  **DEFENDANT COXCOM, INC.'S NOTICE OF**
7   **MOTION AND MOTION TO QUASH SERVICE OF SUMMONS; DEFENDANT COXCOM,**
**INC.'S MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF ITS MOTION**
8   **TO   QUASH   SERVICE   OF   SUMMONS;   and   NOTICE   OF   LODGMENT   OF**
**COXCOM, INC. IN SUPPORT OF MOTION TO QUASH SERVICE OF SUMMONS** by
9   placing a true copy of each document in a separate envelope addressed to each addressee,
respectively, as follows:

10
      **Alison M. Miceli, Esq.**
11      **Sullivan & Christiani LLP**
      **2330 Third Avenue**
12      **San Diego, California 92101**

13      I then sealed each envelope and, with postage thereon fully prepaid,

14   [ ]      I deposited each in the United States Postal Service at San Diego, CA.

15   [X]      I placed each for deposit in the United States Postal Service, this same day, at my business
address shown above, following ordinary business practices.
16
      I declare under penalty of perjury under the laws of the State of California that the foregoing
17   is true and correct.

18

19   Dated: _Aug. 14, 2008_            _Lorell Fleming_

20                                    Lorell Fleming

21

22

23

24

25

26

27

28

1

## PROOF OF SERVICE BY MAIL

**COPY**

F I L E D
Clerk of the Superior Court

AUG 1 4 2008

1   SEYFARTH SHAW LLP
    Thomas Kaufman (State Bar No. 177936)
2     Laura Reathaford (State Bar No. 254751)
   2029 Century Park East, Suite 3300
3   Los Angeles, California 90067-3063
   Telephone: (310) 277-7200
4   Facsimile: (310) 201-5219

5   FERRIS & BRITTON
   A Professional Corporation
6     Christopher Q. Britton (State Bar No. 56623)
    W. Lee Biddle (State Bar No. 217128)
7   401 West A Street, Suite 1600
   San Diego, CA 92101
8   Telephone: (619) 233-3131
   Facsimile: (619) 232-9316

9

10   Attorneys for Defendant COXCOM, INC.       AUG 14 '08 PM 4:43

11

12            SUPERIOR COURT OF CALIFORNIA

13        COUNTY OF SAN DIEGO – CENTRAL DIVISION

| | |
|---|---|
| 14   ARMAN LASSITER, individually and on behalf of other members of the general public similarly situated, | Case No. 37-2008-00084510-CU-OE-CTL |
| 16 | **NOTICE OF LODGMENT OF COXCOM, INC. IN SUPPORT OF MOTION TO QUASH SERVICE OF SUMMONS** |
|          Plaintiff, | |
| 17        v. | |
| 18   COXCOM, INC., a Delaware Corporation; and DOES 1-50, inclusive, | Date: Oct. 24, 2008<br>Time: 10:30 a.m.<br>Judge: Hon. Steven R. Denton<br>Dept: 73 |
| 19 | |
|          Defendants. | |
| 20 | Complaint Filed: May 23, 2008 |

21

22      PLEASE TAKE NOTICE that Defendant COXCOM, INC. hereby lodges the following

23   documents in support of its Motion To Quash Service of Summons:

| Ex. | Exhibit Description | Evidentiary Foundation |
|---|---|---|
| A | Proof of Service | Biddle Declaration, ¶ 2 |
| B | Letter to Labor and Workforce Development Agency | Diamond Declaration ¶ 2 |
| C | Order to Show Cause Re: Failure to File Certificate of Service | Biddle Declaration ¶ 3 |

1

**NOTICE OF LODGMENT OF COXCOM, INC. IN SUPPORT OF MOTION TO QUASH
SERVICE OF SUMMONS**

| | | |
|---|---|---|
| 1 | D | Declaration of W. Lee Biddle | Self-Authenticating |
| 2 | E | 8/4/08 Letter from Alison Miceli to Joe Freeman | Freeman Declaration ¶ 2 |
| 3 | F | Declaration of Joseph Freeman | Self-Authenticating |
| 4 | G | Declaration of Becky DeGeorge | Self-Authenticating |
| 5 | H | Declaration of Steven Cassidy | Self-Authenticating |
| 6 | I | Declaration of Brenda Sharpless | Self-Authenticating |
| 7 | J | Declaration of Vickie Diamond | Self-Authenticating |
| 8 | K. | CSC 6/27/08 Notice of Service | Diamond Declaration ¶ 2 |

Dated: August 14, 2008

FERRIS & BRITTON,
A Professional Corporation

By: Christopher Q. Britton
Christopher Q. Britton
W. Lee Biddle
Attorneys for Defendant
COXCOM INC.

SEYFARTH SHAW LLP
Thomas Kaufman
Laura Reathaford
Attorneys for Defendant
COXCOM, INC.

2

**NOTICE OF LODGMENT OF COXCOM, INC. IN SUPPORT OF MOTION TO QUASH
SERVICE OF SUMMONS**

Exhibit C, Page 39

**EXHIBIT A**

POS-010

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):*<br>William B. Sullivan [CSB No. 171637]; Alison M. Miceli [CSB No. 243131]<br>Sullivan & Christiani, LLP<br>2330 Third Avenue<br>San Diego, CA 92101<br>TELEPHONE NO.: (619) 702-6760    FAX NO. *(Optional):* (619) 702-6761<br>E-MAIL ADDRESS *(Optional):*<br>ATTORNEY FOR *(Name):* Plaintiff ARMAN LASSITER | FILED<br>CIVIL BUSINESS OFFICE-7<br>CENTRAL DIVISION<br><br>2008 JUL 22 P 1: 22<br><br>CLERK-SUPERIOR COURT<br>SAN DIEGO COUNTY, CA |
|---|---|
| SUPERIOR COURT OF CALIFORNIA, COUNTY OF San Diego<br>STREET ADDRESS: 330 West Broadway<br>MAILING ADDRESS:<br>CITY AND ZIP CODE: San Diego, CA 92101<br>BRANCH NAME: Hall of Justice | |

| PLAINTIFF/PETITIONER: ARMAN LASSITER<br><br>DEFENDANT/RESPONDENT: COXCOM, INC., et al. | CASE NUMBER:<br>37-2008-00084510-CU-OE-CTL |
|---|---|
| **PROOF OF SERVICE OF SUMMONS** | Ref. No. or File No.: |

*(Separate proof of service is required for each party served.)*

1.  At the time of service I was at least 18 years of age and not a party to this action.
2.  I served copies of:
    a.  ☑ summons
    b.  ☑ complaint
    c.  ☑ Alternative Dispute Resolution (ADR) package
    d.  ☑ Civil Case Cover Sheet *(served in complex cases only)*
    e.  ☐ cross-complaint
    f.  ☑ other *(specify documents):* Notice of Case Assignment

3.  a.  Party served *(specify name of party as shown on documents served):*
    Defendant CoxCom, Inc.

    b.  ☑ Person (other than the party in item 3a) served on behalf of an entity or as an authorized agent (and not a person under item 5b on whom substituted service was made) *(specify name and relationship to the party named in item 3a):*
    Lawyers Incorporating Service, Authorized Agent for Service of Process, Becky DeGeorge

4.  Address where the party was served:
    2730 Gateway Oaks Drive, Suite 100, Sacramento, CA 95833
5.  I served the party *(check proper box)*
    a.  ☑ by personal service. I personally delivered the documents listed in item 2 to the party or person authorized to receive service of process for the party (1) on *(date):* June 27, 2008    (2) at *(time):*  8:42 a.m.
    b.  ☐ by substituted service. On *(date):*    at *(time):*    I left the documents listed in item 2 with or in the presence of *(name and title or relationship to person indicated in item 3):*

        (1)  ☐  (business) a person at least 18 years of age apparently in charge at the office or usual place of business of the person to be served. I informed him or her of the general nature of the papers.

        (2)  ☐  (home) a competent member of the household (at least 18 years of age) at the dwelling house or usual place of abode of the party. I informed him or her of the general nature of the papers.

        (3)  ☐  (physical address unknown) a person at least 18 years of age apparently in charge at the usual mailing address of the person to be served, other than a United States Postal Service post office box. I informed him or her of the general nature of the papers.

        (4)  ☐  I thereafter mailed (by first-class, postage prepaid) copies of the documents to the person to be served at the place where the copies were left (Code Civ. Proc., § 415.20). I mailed the documents on *(date):*    from *(city):*    or ☐ a declaration of mailing is attached.

        (5)  ☐  I attach a declaration of diligence stating actions taken first to attempt personal service.

Page 1 of 2

| Form Adopted for Mandatory Use<br>Judicial Council of California<br>POS-010 [Rev. January 1, 2007] | **PROOF OF SERVICE OF SUMMONS** | Code of Civil Procedure, § 417.10<br>American LegalNet, Inc.<br>www.FormsWorkflow.com |
|---|---|---|

**Exhibit C, Page 40**

| PLAINTIFF/PETITIONER: ARMAN LASSITER | CASE NUMBER: |
|---|---|
| DEFENDANT/RESPONDENT: COXCOM, INC., et al. | 37-2008-00084510-CU-OE-CTL |

5.  c. ☐ **by mail and acknowledgment of receipt of service.** I mailed the documents listed in item 2 to the party, to the address shown in item 4, by first-class mail, postage prepaid,

    (1) on *(date):*           (2) from *(city):*

    (3) ☐ with two copies of the *Notice and Acknowledgment of Receipt* and a postage-paid return envelope addressed to me. *(Attach completed Notice and Acknowledgement of Receipt.)* (Code Civ. Proc., § 415.30.)

    (4) ☐ to an address outside California with return receipt requested. (Code Civ. Proc., § 415.40.)

  d. ☐ **by other means** *(specify means of service and authorizing code section):*

       ☐ Additional page describing service is attached.

6.  The "Notice to the Person Served" (on the summons) was completed as follows:
  a. ☐ as an individual defendant.
  b. ☐ as the person sued under the fictitious name of *(specify):*
  c. ☐ as occupant.
  d. ☑ On behalf of *(specify):* Defendant CoxCom, Inc.
    under the following Code of Civil Procedure section:

| | |
|---|---|
| ☑ 416.10 (corporation) | ☐ 415.95 (business organization, form unknown) |
| ☐ 416.20 (defunct corporation) | ☐ 416.60 (minor) |
| ☐ 416.30 (joint stock company/association) | ☐ 416.70 (ward or conservatee) |
| ☐ 416.40 (association or partnership) | ☐ 416.90 (authorized person) |
| ☐ 416.50 (public entity) | ☐ 415.46 (occupant) |
| | ☐ other: |

7.  **Person who served papers**
  a. Name: William B. Sullivan
  b. Address: Sullivan & Christiani, LLP, 2330 Third Avenue, San Diego, CA 92101
  c. Telephone number: (619) 702-6760
  d. The fee for service was: $ 0.00
  e. I am:
    (1) ☑ not a registered California process server.
    (2) ☐ exempt from registration under Business and Professions Code section 22350(b).
    (3) ☐ a registered California process server:
      (i) ☐ owner ☐ employee ☐ independent contractor.
      (ii) Registration No.:
      (iii) County:

8.  ☑ I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

    or

9.  ☐ I am a California sheriff or marshal and I certify that the foregoing is true and correct.

Date: July 22, 2008

William B. Sullivan
(NAME OF PERSON WHO SERVED PAPERS/SHERIFF OR MARSHAL)

▶ _____
(SIGNATURE )

**PROOF OF SERVICE OF SUMMONS**

Exhibit C, Page 41

# SULLIVAN & CHRISTIANI

### A LIMITED LIABILITY PARTNERSHIP.

NORTHERN CALIFORNIA

1 CEDARWOOD LANE
MILL VALLEY, CA 94941
PHONE 415-383-6151
FACSIMILE 415-888-3038

**2330 Third Avenue**
**San Diego, California 92101**
PHONE (619) 702-6760
FACSIMILE (619) 702-6761

LAS VEGAS

1610 SOUTH TENTH STREET
LAS VEGAS, NEVADA 89104
PHONE 702-382-2107
FACSIMILE 702-382-2016

June 25, 2008

Labor and Workforce Development Agency
801 K Street, Suite 2101
Sacramento, CA 95814

*Via Certified U.S. Mail Only*

Re:    <u>Arman Lassiter v. COXCOM, Inc.</u>

Dear Administrator:

Please allow this correspondence to serve as "written notice," as required by California Labor Code section 2699.3(a)(1), of the specific provisions of the California Labor Code believed to have been violated by COXCOM, Inc. in the above referenced matter. Thank you for your assistance on this issue.

The specific provisions alleged to have been violated by COXCOM, Inc. are as follows:

CALIFORNIA LABOR CODE SECTIONS 204, 226, 226.7, 510, 512, 1194, 1197, 1197.1, 1199, 2802

<u>Facts and Theories supporting the allegation</u>: Our client, Arman Lassiter, has worked as a "Field Service Technician" for COXCOM, Inc. since 1997.

Throughout the term of his employment, COXCOM, Inc. has required Mr. Lassiter, and other employees of COXCOM, to experience actions illegal under the California Labor Code, including the following:

- COXCOM would regularly deduct money from employees paychecks for lost or broken work tools and/or components, in violation of - among others - Labor Code section 2802;

COXCOM has - until very recently (and in response to Mr. Lassiter's complaints) - failed to provide a Second Meal Period (or a Meal Period Payment) where the COXCOM employees work more than 10 hours in a day, in violation of - among others - Labor Code sections 226.7 and 512;

COXCOM has failed to provide compliant Initial Meal Periods (or a Meal Period Payment) where the COXCOM employees regularly are provided less than 30 minutes, completely relieved time-off, in violation of - among others - Labor Code sections 226.7 and 512;

COXCOM has failed to provide timely regular and Overtime Compensation to its employees due to a "rounding" process whereby all hours worked by the COXCOM employees are not calculated or paid for, in violation of - among others - Labor Code sections 204, 510, 1194 and 1197.1; and

COXCOM has failed to provide statutorily compliant and accurate Itemized Wage Statements, in that the Overtime and Double Time Rates are inaccurate (and at times less than the reported Regular Rate), in violation of - among others - Labor Code section 226.

To confirm, COXCOM, Inc., Inc. is a "person" as defined within California Labor Code section 18. The "Meal Period Payment" required by Labor Code section 226.7 is dis-positively a "wage," as recently confirmed by the California Supreme Court in Murphy v. Kenneth Cole, 40 Cal 4th 1094.

Again, thank you for your assistance and instruction throughout this matter. Should you have any questions or comments, please do not hesitate to contact the undersigned.

Very truly yours,

William B. Sullivan

cc:  *Via Certified Mail*        COXCOM, INC.
     *and Personal Service*      c/o CSC- Lawyers Incorporating Service
                                 *Agent For Service of Process*
                                 2730 Gateway Oaks Drive, Suite 100
                                 Sacramento, CA 95833

Exhibit C, Page 43

COXCOM, INC.

c/o - LAWYERS Incorporating service
2730 Gateway Oaks Drive, Suite 100
SACRAMENTO, CA 95833

LETTER RE: 2699 COMPLAINT

EXHIBIT C

| SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN DIEGO | |
| --- | --- |
| STREET ADDRESS:    330 West Broadway | |
| MAILING ADDRESS:    330 West Broadway | |
| CITY AND ZIP CODE:    San Diego, CA 92101 | |
| BRANCH NAME:    Central | |
| TELEPHONE NUMBER:    (619) 450-7073 | |

| PLAINTIFF(S) / PETITIONER(S): | Arman Lassiter |
| --- | --- |
| DEFENDANT(S) / RESPONDENT(S): | Coxcom, Inc. |

| LASSITER VS. COXCOM, INC. | |
| --- | --- |

| NOTICE OF HEARING | CASE NUMBER:<br>37-2008-00084510-CU-OE-CTL |
| --- | --- |

Notice is given that the above-entitled case has been set for the reason listed below and at the location shown above.  All inquiries regarding this notice should be referred to the court listed above.

| TYPE OF HEARING | DATE | TIME | DEPT | JUDGE |
| --- | --- | --- | --- | --- |
| OSC - Failure to File Certificate of Service | 09/19/2008 | 02:15 pm | C-73 | Steven R. Denton |

The hearing will be cancelled if BOTH of the following occur 10 days prior to the hearing date:  1) File the above document; and 2) Stipulate to and pay a sanction in the amount of $50, payable to "San Diego Superior Court", WITH A COPY OF THIS NOTICE, in the IC department to which the case is assigned.  If you are unable to comply with one or both of the above requirements, appearance at the hearing is mandatory.  If more court time is required, additional sanctions may be imposed.

SUPCT CIV-700 (Rev. 12-06)                  **NOH - NOTICE OF HEARING**                  Page: 1

Exhibit C, Page 45

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN DIEGO**

Central
330 West Broadway
San Diego, CA 92101

**SHORT TITLE:** Lassiter vs. Coxcom, Inc.

| CLERK'S CERTIFICATE OF SERVICE BY MAIL | CASE NUMBER: 37-2008-00084510-CU-OE-CTL |
|---|---|

I certify that I am not a party to this cause. I certify that a true copy of the NOTICE OF HEARING was mailed following standard court practices in a sealed envelope with postage fully prepaid, addressed as indicated below. The mailing and this certification occurred at San Diego, California, on 08/05/2008.

Clerk of the Court, by: _A. Belmonte_ , Deputy

Alison M. Miceli
Sullivan & Christiani, LLP
2330 Third Avenue
San Diego, CA 92101

---

CLERK'S CERTIFICATE OF SERVICE BY MAIL                                      Page: 2

Exhibit C, Page 46

1   SEYFARTH SHAW LLP
   Thomas Kaufman (State Bar No. 177936)
2     Laura Reathaford (State Bar No. 254751)
  2029 Century Park East, Suite 3300
3   Los Angeles, California 90067-3063
  Telephone: (310) 277-7200
4   Facsimile: (310) 201-5219

5   FERRIS & BRITTON
  A Professional Corporation
6     Christopher Q. Britton (State Bar No. 56623)
   W. Lee Biddle (State Bar No. 217128)
7   401 West A Street, Suite 1600
  San Diego, CA 92101
8   Telephone: (619) 233-3131
  Facsimile: (619) 232-9316

9

10  Attorneys for Defendant COXCOM, INC

11                SUPERIOR COURT OF CALIFORNIA

12       COUNTY OF SAN DIEGO – CENTRAL DIVISION

13  ARMAN LASSITER, individually and on behalf of | Case No. 37-2008-00084510-CU-OE-CTL
   other members of the general public similarly
14  situated,

15             Plaintiff,

16       v.

17  COXCOM, INC., a Delaware Corporation; and
  DOES 1-50, inclusive,
18

19           Defendants.

| | |
|---|---|
| | **DECLARATION OF W. LEE BIDDLE IN SUPPORT OF MOTION OF DEFENDANT COXCOM, INC. TO QUASH SERVICE OF SUMMONS** |
| | Date: Oct. 24, 2008 |
| | Time: 10:30 a.m. |
| | Judge: Hon. Steven R. Denton |
| | Dept: 73 |
| | Judge: Hon. Steven R. Denton |
| | Dept: 73 |
| | Complaint Filed: May 23, 2008 |

20

21

22

23  W. Lee Biddle declares:

24      1.    I am an attorney, a member of the State Bar of California and an associate at the firm

25  of Ferris & Britton, P.C., one of the counsels for defendant CoxCom, Inc. ("Cox") in the above-

26  captioned litigation.

27      2.    On August 5, 2008, I reviewed the case file in this matter at the Clerk of Court's

28  office.  In the course of that review, I ascertained that the file contained a Proof of Service of

1

---

**DECLARATION OF W. LEE BIDDLE IN SUPPORT OF MOTION OF DEFENDANT COXCOM, INC. TO QUASH SERVICE OF SUMMONS**

1    Summons signed by Plaintiff's counsel, William B. Sullivan, indicating that the complaint and

2    summons in this matter had been served on June 24, 2008. Exhibit A to Cox's Notice of Lodgment is

3    a true and correct copy of that Proof of Service.

4         3.      I also found an Order To Show Cause in the case file accompanied by a proof of

5    service indicating that it was served on Plaintiff's counsel on August 5, 2008, ordering plaintiff to

6    show cause re Failure to File Certificate of Service. Exhibit C to Cox's Notice of Lodgment is a true

7    and correct copy of that Order to Show Cause.

8         4.      I have personal knowledge of the foregoing facts and if called as a witness, could so

9    testify.

10       I declare under penalty of perjury, under the laws of the State of California, that the foregoing

11    is true and correct. Executed this _12_ day of _Aug___, 2008 at _San Diego__, California.

12

13

14                                         W. Lee Biddle

15

16

17

18

19

20

21

22

23

24

25

26

27

28

2

---

**DECLARATION OF W. LEE BIDDLE IN SUPPORT OF MOTION OF DEFENDANT COXCOM, INC. TO QUASH SERVICE OF SUMMONS**

**EXHIBIT E**

# SULLIVAN & CHRISTIANI

### A LIMITED LIABILITY PARTNERSHIP

| | | |
|---|---|---|
| NORTHERN CALIFORNIA | 2330 THIRD AVENUE<br>SAN DIEGO, CALIFORNIA 92101 | LAS VEGAS |
| 1 CEDARWOOD LANE<br>MILL VALLEY, CA 94941<br>PHONE 415-383-6151<br>FACSIMILE 415-888-3035 | PHONE 619-702-6760<br>FACSIMILE 619-702-6761 | 1610 SOUTH TENTH STREET<br>LAS VEGAS, NEVADA 89104<br>PHONE 702-388-0376<br>FACSIMILE 702-388-0572 |

August 4, 2008

Joseph M. Freeman, Esq.             *Via Facsimile Only (404) 843-5845*
COX COMMUNICATIONS, INC.
1400 Lake Hearn Drive
Atlanta, Georgia 30319

Re:    <u>Arman Lassiter v. COXCOM</u>
       Case No.: 69-6347

Dear Mr. Freeman:

Please allow this correspondence to serve as a request for assistance and clarification in the above-referenced matter. Thank you for your assistance throughout this litigation.

As you are presumably aware, the Complaint of Mr. Lassiter, as well as a Labor Code section 2699, *et seq.* notification letter, were served on COXCOM's agent for service of process on June 27, 2008. We have recently received a LWDA "right to sue" letter, and are in the process of preparing to file an Amended Complaint. However, the time period for filing a response to the operative Complaint has passed, and we have yet to receive a responsive pleading. Further, the Court records do not list a response to the Complaint.

Given the above, we must respectfully demand that COXCOM file and serve an Answer to the operative Complaint no later than Friday, August 8, 2008; <u>Noon</u>. If we have not received proof of the filing and service of an Answer by that time, we will have no option but to prepare and file a Default as to COXCOM. Given your courtesy and assistance throughout the Mediation process, we are reluctant to do so. For that reason, please immediately comply with the above request.

Again, thank you for your assistance throughout this matter. Should you have any questions or comments, please do not hesitate to contact the undersigned.

Very truly yours,

*Alison M. Miceli*

Alison M. Miceli

bcc:

Exhibit C, Page 49

**EXHIBIT F**

1 | SEYFARTH SHAW LLP
    Thomas Kaufman (State Bar No. 177936)
2 |   Laura Reathaford (State Bar No. 254751)
  | 2029 Century Park East, Suite 3300
3 | Los Angeles, California 90067-3063
  | Telephone: (310) 277-7200
4 | Facsimile: (310) 201-5219

5 | FERRIS & BRITTON
  | A Professional Corporation
6 |   Christopher Q. Britton (State Bar No. 56623)
  |   W. Lee Biddle (State Bar No. 217128)
7 | 401 West A Street, Suite 1600
  | San Diego, CA 92101
8 | Telephone: (619) 233-3131
  | Facsimile: (619) 232-9316
9 |

10 | Attorneys for Defendant COXCOM, INC

11 |

12 |           SUPERIOR COURT OF CALIFORNIA

13 |     COUNTY OF SAN DIEGO – CENTRAL DIVISION

14 | ARMAN LASSITER, individually and on behalf of | Case No. 37-2008-00084510-CU-OE-CTL
   | other members of the general public similarly |
15 | situated, | **DECLARATION OF JOSEPH FREEMAN IN SUPPORT OF MOTION OF COXCOM, INC. TO QUASH**
16 |       Plaintiff, |
17 |   v. | Date: Oct. 24, 2008
   | | Time: 10:30 a.m.
18 | COXCOM, INC., a Delaware Corporation; and | Judge: Hon. Steven R. Denton
   | DOES 1-50, inclusive, | Dept: 73
19 |       Defendants. |
20 | | Complaint Filed: May 23, 2008

21 |

22 | Joseph Freeman declares:

23 |

24 |     1.     I am an attorney, a member of the State Bar of Georgia, and am employed as an

25 | attorney for Cox Communications, Inc. ("Cox") in Atlanta, Georgia. I am the attorney in house at

26 | Cox who is responsible for handling the claims being asserted against CoxCom, Inc. by Arman

27 | Lassiter, including any litigation he may file against the Company.

28 | ///

1

**DECLARATION OF JOSEPH FREEMAN IN SUPPORT OF MOTION OF COXCOM, INC. TO QUASH**

2.    On August 5, 2008, I received and reviewed a letter from counsel for Plaintiff, Alison Miceli, dated August 4, 2008 ("the Miceli letter"), in the above-captioned matter, in which, among other things, Ms. Miceli asserted that Plaintiff had served CoxCom, Inc. with a copy of the summons and complaint in the case on June 27, 2008.  Exhibit E to Cox's Notice of Lodgment is a true and correct copy of Ms. Miceli's August 4, 2008 letter.

3.    Until my receipt of the Miceli letter, I had no knowledge or information that CoxCom, Inc. had been served with a summons and complaint in this case.  In the ordinary course of events, if a party serves a complaint and summons on CoxCom, Inc.'s agent for service of process in California, Corporation Services Company ("CSC"), will process the documents and notify Vicki Diamond of Cox Enterprises, Inc. (Cox's parent company) the same day of the service of the document.  Upon my review of the Miceli letter, I immediately contacted Ms. Diamond and ascertained that she had not received any notice of a summons and complaint having been served in the Lassiter matter.

4.    On or about June 27, 2008, I was alerted to the fact that Cox had been personally served by plaintiff with a copy of a letter to the Labor and Workforce Development Agency accompanied by a sheet of paper containing CoxCom, Inc.'s name and CSC's address.  Exhibit B to Cox's notice of Lodgment is a true and correct copy of the letter to Labor and Workforce Development Agency that I was advised had been served on June 27, 2008.

5.    Insofar as I am aware, CoxCom, Inc. has never been served with a summons and/or complaint in the above-captioned matter.

6.    I have personal knowledge of the foregoing facts and if called as a witness could so testify.

I declare under penalty of perjury, under the laws of the State of California, that the foregoing is true and correct.  Executed this 12th day of August , 2008 at Atlanta , Georgia.

Joseph Freeman

2

**DECLARATION OF JOSEPH FREEMAN IN SUPPORT OF MOTION OF COXCOM, INC. TO QUASH**

1  SEYFARTH SHAW LLP
     Thomas Kaufman (State Bar No. 177936)
2    Laura Reathaford (State Bar No. 254751)
   2029 Century Park East, Suite 3300
3  Los Angeles, California 90067-3063
   Telephone: (310) 277-7200
4  Facsimile: (310) 201-5219

5  FERRIS & BRITTON
   A Professional Corporation
6    Christopher Q. Britton (State Bar No. 56623)
     W. Lee Biddle (State Bar No. 217128)
7  401 West A Street, Suite 1600
   San Diego, CA 92101
8  Telephone: (619) 233-3131
   Facsimile: (619) 232-9316

9

10 Attorneys for Defendant COXCOM, INC

11              SUPERIOR COURT OF THE STATE OF CALIFORIA

12              COUNTY OF SAN DIEGO, CENTRAL DIVISION

13 | ARMAN LASSITER, individually, and on behalf | Case No. 37-2008-00084510-CU-OE-CTL
   | of others similarly situated,
14 |
   |              Plaintiff,                     | **DECLARATION OF BECKY DEGEORGE**
15 |                                             | **IN SUPPORT OF MOTION OF**
   |         vs.                                 | **DEFENDANT COXCOM, INC. TO QUASH**
16 |                                             | **SUMMONS AND COMPLAINT**
   | COXCOM, INC., a Delaware Corporation; and
17 | DOES 1 to 50, Inclusive,                    | Date:  Oct. 24, 2008
   |                                             | Time: 10:30 a.m.
18 |              Defendants.                    | Judge: Hon. Steven R. Denton
   |                                             | Dept: 73
19 |
20 |                                             | Complaint Filed: May 23, 2008

21 Becky DeGeorge declares:

22      1.      I am a Customer Service Associate for Corporation Service Company dba Lawyers

23 Incorporating Service ("CSC") office in Sacramento, California. As such my duties include serving

24 as a receptionist in the reception area. Typically, process servers come in and drop whatever they are

25 serving in the basket on my desk and record my name which appears on a nameplate that is also

26 located on my desk. Some persons serving process feel it necessary to actually hand me what is

27 being served, in which case I accept it. It makes no difference whether the document is dropped in

28 the basket or handed to me.

1

**DECLARATION OF BECKY DEGEORGE RE FAILURE TO SERVE COMPLAINT**

1        2.      Once the document is received, I remove the staple, if any, and attach a paper clip or

2    binder clip (depending on the size of the document) to each individual document served.

3        3.      Thereafter, the documents are picked up by a router, i.e. one of the persons whose job

4    it is to transport documents that have been received back to the LMS team area. It is a set procedure

5    that the Routers are to go straight from the reception area with the documents to the LMS area and do

6    not deviate to any other areas.

7        4.      I was on duty as the CSC receptionist on June 27, 2008. To the best of my

8    recollection, I was at my desk at 8:42 a.m. CSC received 497 documents in Sacramento on

9    June 27, 2008. Each of these documents was picked up by a router or member of the LMS team and

10   removed from the reception area for transport to the LMS area by the end of the day.

11       5.      Upon learning that plaintiff was contending that a summons and complaint was served

12   on CSC as an agent for Cox on June 27, 2008 and that CSC has no record of such service ever having

13   been received, I conducted a thorough search of the Reception area looking for the document. After a

14   thorough search, I found nothing.

15       6.      I have worked for CSC for nineteen years and have been receiving and doing initial

16   processing of the documents received for the last eight years. It is my unvarying custom and practice

17   to remove the staples and clip each separate document received. I did not vary from my practice on

18   that day. I processed each document received while I was on duty, and all of the documents I

19   processed were picked up for transport to the LMS department. It is my strong belief that if a

20   complaint had been served in the above-captioned matter on June 27, 2008 while I was on duty, I

21   would have processed it, removing any staples and clipping each individual document in whatever

22   package of documents was served.

23       7.      I have personal knowledge of the foregoing facts and if called as a witness, could so

24   testify.

25       I declare under penalty of perjury, under the laws of the State of California, that the foregoing

26   is true and correct. Executed this 11th day of August____, at Sacramento, California.

27

28                            Becky D. George

2

**DECLARATION OF BECKY DEGEORGE RE FAILURE TO SERVE COMPLAINT**

1             Becky DeGeorge

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

3

DECLARATION OF BECKY DEGEORGE RE FAILURE TO SERVE COMPLAINT

**EXHIBIT H**

1  SEYFARTH SHAW LLP
     Thomas Kaufman (State Bar No. 177936)
2    Laura Reathaford (State Bar No. 254751)
   2029 Century Park East, Suite 3300
3  Los Angeles, California 90067-3063
   Telephone: (310) 277-7200
4  Facsimile: (310) 201-5219

5  FERRIS & BRITTON
   A Professional Corporation
6    Christopher Q. Britton (State Bar No. 56623)
     W. Lee Biddle (State Bar No. 217128)
7  401 West A Street, Suite 1600
   San Diego, CA 92101
8  Telephone: (619) 233-3131
   Facsimile: (619) 232-9316

9

10  Attorneys for Defendant COXCOM, INC

11                SUPERIOR COURT OF CALIFORNIA

12          COUNTY OF SAN DIEGO – CENTRAL DIVISION

13  ARMAN LASSITER, individually and on behalf of     Case No. 37-2008-00084510-CU-OE-CTL
    other members of the general public similarly
14  situated,                                          **DECLARATION OF STEVEN CASSIDY**
                                                       **IN SUPPORT OF MOTION TO QUASH**
15                Plaintiff,
                                                       Date: Oct. 24, 2008
16         v.                                          Time: 10:30 a.m.
                                                       Judge: Hon. Steven R. Denton
17  COXCOM, INC., a Delaware Corporation; and          Dept: 73
    DOES 1-50, inclusive,
18                                                     Judge: Hon. Steven R. Denton
                  Defendants.                          Dept: 73
19
                                                       Complaint Filed: May 23, 2008
20

21

22  Steven Cassidy declares:

23         1.      I am employed by Corporation Services Company dba Lawyers Incorproating Service

24  ("CSC") as a member of its Litigation Management Systems department.  I was on duty on June 27,

25  2008, and I logged in a service that was received by CSC as agent for service of process for CoxCom,

26  Inc.  I have checked CVC's records, and the only service received in the Sacramento office for

27  CoxCom on June 27, 2008, was logged in as a three page document ("the service") consisting of a

28  two page letter addressed to Labor and Workforce Development Agency Re: *Arman Lassiter v.*

                                                1

   **DECLARATION OF STEVEN CASSIDY IN SUPPORT OF MOTION TO QUASH**

1  *CoxCom, Inc.* and one page bearing CoxCom, Inc.'s ("Cox") name, CSC's address and a brief

2  notation. I am the person who logged this service in.

3      2.    The service was delivered to the LMS department area by a router who brings services

4  that have been received from the reception area, which is approximately 120 feet away. CSC

5  standard operating procedure requires that the routers bring services directly from the reception area

6  to the LMS department. Upon arrival in the LMS department, the router places the service into the

7  "Priority Service" basket, because Cox is a priority customer. As the person performing the log in

8  process, I would have taken the service from the basket and reviewed it to determine who is being

9  served, whether it is a court or non-court document and extracted and entered the information

10  required by the Log In Template, a true and correct copy of which is Exhibit 1 to this declaration, into

11  the LMS database. The service is then scanned into CSC's LMS system.

12      3.    The foregoing description is the standard operating procedure for logging in

13  documents at CSC and it is the procedure that I follow as a matter of custom and practice. Although I

14  do not remember this specific document, I have no reason to believe that I deviated from standard

15  operating procedures in any way. I have worked logging in services for the last three years, and I am

16  very familiar with summons and complaints, as I have often been called upon to review, log and scan

17  them during the course of my CSC employment. I am confident that if the materials that were served

18  on Cox on June 27, 2008 had included a complaint, I would have become aware of it in the course of

19  the review associated with the log in process and would have logged it in as a summons and

20  complaint. Based on the fact that no summons and complaint was logged in the *Lassiter* case, it is

21  my opinion that no summons and complaint were received by CSC on June 27, 2008 or on any day

22  thereafter.

23      4.    It is not uncommon for a court document and a non-court document to be served

24  together as part of the same service. If that had occurred, the court document would have been the

25  one selected as the title of the log in with the accompanying non-court document noted. Because

26  there was no court document that was part of the June 27, 2008 service of Cox, this did not occur.

27      5.    Upon learning that plaintiff is claiming that he served a summons and complaint on

28  CSC as agent for Cox and that CSC has no record of such a service ever being received, I searched

2

---

**DECLARATION OF STEVEN CASSIDY IN SUPPORT OF MOTION TO QUASH**

Exhibit C, Page 56

1    the entire LMS department area including the 120 foot distance from the reception area to the LMS

2    department area, including moving furniture, looking for such a document. After a thorough search, I

3    found nothing.

4            6.        I have personal knowledge of the foregoing facts and if called as a witness could so

5    testify.

6            I declare under penalty of perjury, under the laws of the State of California, that the foregoing

7    is true and correct. Executed this _11th_ day of _August_, 2008 at _Sacramento_, California.

8

9                                                        _Steven Cassidy_
                                                         Steven Cassidy
10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

                                                  3

**DECLARATION OF STEVEN CASSIDY IN SUPPORT OF MOTION TO QUASH**

**EXHIBIT 1**

Exhibit 1



1  SEYFARTH SHAW LLP
     Thomas Kaufman (State Bar No. 177936)
2    Laura Reathaford (State Bar No. 254751)
   2029 Century Park East, Suite 3300
3  Los Angeles, California 90067-3063
   Telephone: (310) 277-7200
4  Facsimile: (310) 201-5219

5  FERRIS & BRITTON
   A Professional Corporation
6    Christopher Q. Britton (State Bar No. 56623)
     W. Lee Biddle (State Bar No. 217128)
7  401 West A Street, Suite 1600
   San Diego, CA 92101
8  Telephone: (619) 233-3131
   Facsimile: (619) 232-9316
9

10  Attorneys for Defendant COXCOM, INC

11

12                    SUPERIOR COURT OF CALIFORNIA

13            COUNTY OF SAN DIEGO – CENTRAL DIVISION

14
   ARMAN LASSITER, individually and on behalf of      Case No. 37-2008-00084510-CU-OE-CTL
15 other members of the general public similarly
   situated,
16                                                     **DECLARATION OF BRENDA**
                                                       **SHARPLESS RE:  FAILURE TO SERVE**
17             Plaintiff,                              **COMPLAINT**

18       v.                                            Date:  Oct. 24, 2008
                                                       Time: 10:30 a.m.
19 COXCOM, INC., a Delaware Corporation; and           Judge: Hon. Steven R. Denton
   DOES 1-50, inclusive,                               Dept:  73
20
               Defendants.                             Complaint Filed: May 23, 2008
21

22

23

24  Brenda Sharpless declares:

25       1.       I am a Certified Customer Service Associate at Corporation Service Company dba

26  Lawyers Incorporating Service ("CSC").  I received my Bachelor of Arts degree from Anderson

27  College in 1978 and my Associate of Science degree in Office Management from Darton College in

28  1988.  I am the Customer Service Associate with primary responsibility for processing documents

                                            1

   **DECLARATION OF BRENDA SHARPLESS RE:  FAILURE TO SERVE COMPLAINT**

1  served on CSC as agent for service of process for CoxCom, Inc. in California.  Documents served on

2  CSC as agents for its customers are referred to as "services".

3      2.    I have worked for CSC since December 2, 2002.  I am assigned to the Litigation

4  Management ("LMS") Department.  In addition to managing my own assigned accounts, I am also a

5  member of the LMS Quality Team, which involves reviewing procedures, system issues and

6  enhancements.  I am also approved to train other persons to use the system.  I am very familiar with

7  CSC's procedures for processing services received for its customers.

8      3.    I review CSC's global list of services received regularly throughout each day to find

9  services that have been received for Cox.  When a service for Cox is received by CSC and has been

10  logged in and scanned into CSC's Litigation Management System (hereinafter referred to as "LMS"),

11  I retrieve the document from the LMS, open it, and review each page of each service to insure that

12  data already extracted from the service and entered in the LMS is correct and to ascertain and enter

13  additional data, including nature of the case, sender details, response date, and document type.  My

14  review includes checking for any apparent missing or skipped pages.  The foregoing procedure is

15  CSC standard operating procedure and it is my custom and practice to follow it in connection with

16  each service I review.

17      4.    On June 27, 2008, I noted that Document #4176215 had been logged in as a service

18  for Cox.  I opened and reviewed the document as described above, verifying and logging in the

19  necessary information.  The service consisted of three pages, a two page letter addressed to Labor and

20  Workforce Development Agency Re: *Arman Lassiter v. CoxCom, Inc.* ("Lassiter"), and a page

21  addressed to CoxCom, Inc. c/o Lawyers Incorporating Service on which the following notation

22  appeared:  "Letter re 2699 Complaint".

23      5.    At intervals throughout June 27, 2008, I looked for services for Cox on CSC's LMS.

24  The letter to the Labor and Workforce Development agency and page addressed to CoxCom, Inc. was

25  the only service that was logged into CSC's system for Cox on June 27, 2006 for this case.

26      6.    Following my review of the service, at 5:19 p.m. EDT on June 27, 2008, an

27  automated email was generated to Catherine Capotosto, Ms. Vickie Diamond, Ms. Sharron Vines,

28  James Demetry, Timothy O'Rourke Esq., Peter Canfield Esq., and Stuart Young Esq. of Cox that

2

**DECLARATION OF BRENDA SHARPLESS RE:  FAILURE TO SERVE COMPLAINT**

1  service of the Letter to the Labor and Workforce Development Agency and the accompanying note in

2  the Lassiter matter had been received.

3  ///

4      7.      There have been a total of three services received by CSC in the Lassiter matter. In

5  addition to the June 27, 2008 service described above, on June 30, 2008, what appears to be the same

6  letter was received via certified mail, and on July 31, 2008, a one page letter concerning receipt of a

7  notice of alleged Labor Code violations pursuant to Labor Code Section Board 2699, was received

8  via certified mail from Doug Hoffner, Undersecretary of the California Labor & Workforce

9  Development Agency.

10      8.      As the person at CSC primarily responsible for processing services received for Cox,

11  I regularly check for services received for Cox throughout each business day. I have conducted such

12  checks of the LMS on a daily basis (excluding holidays and weekends) since June 27, 2008. If any

13  summons and complaint in the *Lassiter* matter had been logged or scanned in to CSC's LMS at any

14  time on or since June 27, 2008, I would be aware of it. No summons or complaint in the Lassiter

15  case has been logged or scanned in to the LMS on or since June 27, 2008. CSC has no record of such

16  a summons and complaint ever having been served on it as an agent for Cox. Based on my

17  familiarity with CSC's procedures for handling services, my awareness that CSC's policy and

18  practice is to log and scan in every service received on the day of its receipt, it is my opinion that no

19  summons and complaint in the Lassiter case have ever been served on CSC in its capacity as agent

20  for service of process for Cox or otherwise.

21      9.      I have personal knowledge of the foregoing facts and if called as a witness could so

22  testify.

23      I declare under penalty of perjury, under the laws of the State of California, that the foregoing

24  is true and correct. Executed this __11__ day of __August__, 2008 at __Cairo__, Georgia.

25

26                                   _Brenda S Sharpless_

27                                     Brenda Sharpless

28

3

**DECLARATION OF BRENDA SHARPLESS RE: FAILURE TO SERVE COMPLAINT**

**EXHIBIT J**

1  SEYFARTH SHAW LLP
     Thomas Kaufman (State Bar No. 177936)
2    Laura Reathaford (State Bar No. 254751)
   2029 Century Park East, Suite 3300
3  Los Angeles, California 90067-3063
   Telephone: (310) 277-7200
4  Facsimile: (310) 201-5219

5  FERRIS & BRITTON
   A Professional Corporation
6    Christopher Q. Britton (State Bar No. 56623)
     W. Lee Biddle (State Bar No. 217128)
7  401 West A Street, Suite 1600
   San Diego, CA 92101
8  Telephone: (619) 233-3131
   Facsimile: (619) 232-9316

9

10  Attorneys for Defendant COXCOM, INC

11

12                    SUPERIOR COURT OF CALIFORNIA

13            COUNTY OF SAN DIEGO – CENTRAL DIVISION

14  | ARMAN LASSITER, individually and on behalf of | Case No. 37-2008-00084510-CU-OE-CTL |
    | other members of the general public similarly | |
15  | situated, | |
    | | **DECLARATION OF VICTORIA R.** |
16  |            Plaintiff, | **DIAMOND IN SUPPORT OF MOTION** |
    | | **OF DEFENDANT COXCOM, INC. TO** |
17  |        v. | **QUASH** |
18  | COXCOM, INC., a Delaware Corporation; and | Date:  Oct. 24, 2008 |
    | DOES 1-50, inclusive, | Time:  10:30 a.m. |
19  | | Judge: Hon. Steven R. Denton |
    |            Defendants. | Dept:  73 |
20  | | |
    | | Complaint Filed: May 23, 2008 |
21
22

23  Victoria R. Diamond declares:

24

25        1.    I am the Senior Paralegal, Litigation Employment Database Administrator.  I am

26  employed by Cox Enterprises, Inc. in Atlanta.  I am the principal person responsible for receiving

27  notifications that CoxCom, Inc. ("Cox") has been served with legal process from Corporation

28  Services Company ("CSC"), Cox's designated agent for service of process in California.

                                        1

**DECLARATION OF VICTORIA R. DIAMOND IN SUPPORT OF MOTION OF
DEFENDANT COXCOM, INC. TO QUASH**

Exhibit C, Page 63

1      2.      On June 27, 2008, I received an email from CSC advising me that Cox had been

2  served with a two page letter to the Labor and Workforce Development Agency accompanied by a

3  single sheet bearing Cox's name and CSC's address in the Lassiter matter.  Exhibit B to Cox's Notice

4  of Lodgment is a true and correct copy of the letter, about the service of which CSC notified me on

5  June 27, 2008.  Exhibit K to Cox's Notice of Lodgment is a true and correct copy of the notice I

6  received from CSC alerting me that the letter (Ex. B.) had been served.

7      3.      Exhibit L is the only notice that I have received of any service on Cox on June 27,

8  2008, in the Lassiter matter.  As of the date of this declaration, I have never received any notice from

9  any source that Cox has ever been served with a summons and/or complaint in the Lassiter matter.  I

10  have personal knowledge of the foregoing facts and if called as a witness could so testify.

11      I declare under penalty of perjury, under the laws of the State of California, that the foregoing

12  is true and correct.  Executed this 13th day of August, 2008 at Atlanta, Georgia.

13

14                                         Victoria R. Diamond

15

16

17

18

19

20

21

22

23

24

25

26

27

28

2

**DECLARATION OF VICTORIA R. DIAMOND IN SUPPORT OF MOTION OF
DEFENDANT COXCOM, INC. TO QUASH**

Exhibit C, Page 64

**EXHIBIT K**



CORPORATION SERVICE COMPANY®

BZS / ALL
Transmittal Number: 5869772
Date Processed: 06/27/2008

# Notice of Service of Process

| | |
|---|---|
| Primary Contact: | Catherine Capotosto<br>Cox Enterprises<br>975 F Street, NW<br>Suite 300<br>Washington, DC 20004 |
| Copy of transmittal only provided to: | Timothy O'Rourke Esq.<br>Robin Sangston Esq.<br>Stuart Young Esq.<br>Brenda Sharpless<br>Kristen Weathersby<br>Peter Canfield Esq.<br>Ms. Sharron Vines<br>James Demetry<br>Ms. Vicki Diamond |

| | |
|---|---|
| Entity: | CoxCom, Inc.<br>Entity ID Number 1896480 |
| Entity Served: | COXCOM, Inc. |
| Title of Action: | Arman Lassiter vs. COXCOM, Inc. |
| Document(s) Type: | Written Notice re: Violation of California Labor Code |
| Nature of Action: | Labor / Employment |
| Case Number: | |
| Jurisdiction Served: | California |
| Date Served on CSC: | 06/27/2008 |
| Answer or Appearance Due: | No answer date noted |
| Originally Served On: | CSC |
| How Served: | Personal Service |
| Plaintiff's Attorney: | William B. Sullivan<br>619-702-6760 |

Information contained on this transmittal form is for record keeping, notification and forwarding the attached document(s). It does not constitute a legal opinion. The recipient is responsible for interpreting the documents and taking appropriate action.

**To avoid potential delay, please do not send your response to CSC**
*CSC is SAS70 Type II certified for its Litigation Management System.*
2711 Centerville Road  Wilmington, DE 19808  (888) 690-2882  |  sop@cscinfo.com

Exhibit C, Page 65

**PROOF OF SERVICE BY MAIL**

1

2        I, Lorell Fleming, declare that:  I am over the age of 18 years and not a party to the case; I am
employed in, or am a resident of, the County of San Diego, California, where mailing occurs; and my
3   business address is: 401 West A Street, Suite 1600, San Diego, California 92101.

4        I further declare that I am readily familiar with the business' practice for collection and
processing of correspondence for mailing with the United States Postal Service; and that the
5   correspondence shall be deposited with the United States Postal Service this same day in the ordinary
course of business.

6
         I served the following document(s):  **DEFENDANT COXCOM, INC.'S NOTICE OF**
7   **MOTION AND MOTION TO QUASH SERVICE OF SUMMONS; DEFENDANT COXCOM,**
**INC.'S MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF ITS MOTION**
8   **TO  QUASH  SERVICE  OF  SUMMONS;  and  NOTICE  OF  LODGMENT  OF**
**COXCOM, INC. IN SUPPORT OF MOTION TO QUASH SERVICE OF SUMMONS** by
9   placing a true copy of each document in a separate envelope addressed to each addressee,
respectively, as follows:

10
         **Alison M. Miceli, Esq.**
11      **Sullivan & Christiani LLP**
**2330 Third Avenue**
12      **San Diego, California 92101**

13       I then sealed each envelope and, with postage thereon fully prepaid,

14  [ ]     I deposited each in the United States Postal Service at San Diego, CA.

15  [X]     I placed each for deposit in the United States Postal Service, this same day, at my business
address shown above, following ordinary business practices.

16
         I declare under penalty of perjury under the laws of the State of California that the foregoing
17  is true and correct.

18

19  Dated:  _Aug. 14, 2008_          _Lorell Fleming_

20                                                     Lorell Fleming

21

22

23

24

25

26

27

28

                                    1

**PROOF OF SERVICE BY MAIL**

EXHIBIT D

1 | FERRIS & BRITTON
A Professional Corporation
2 |   Christopher Q. Britton (State Bar No. 56623)
    W. Lee Biddle (State Bar No. 217128)
3 | 401 West A Street, Suite 1600
San Diego, CA 92101
4 | Telephone: (619) 233-3131
Facsimile: (619) 232-9316
5 | e-mail; cbritton@ferrisbritton.com
          lbiddle@ferrisbritton.com
6 |
7 | SEYFARTH SHAW LLP
Thomas Kaufman (State Bar No. 177936)
8 | Laura Reathaford (State Bar No. 254751)
2029 Century Park East, Suite 3300
9 | Los Angeles, California 90067-3063
Telephone: (310) 277-7200
10 | Facsimile: (310) 201-5219
e-mail: tkaufman@seyfarth.com
11 |        lreathaford@seyfarth.com
12 | Attorneys for Defendant CoxCom, Inc.
13 |
14 |                UNITED STATES DISTRICT COURT
15 |                SOUTHERN DISTRICT OF CALIFORNIA

16 | ARMAN LASSITER, individually, and on behalf
of others similarly situated,
17 |
                 Plaintiff,
18 |
          vs.
19 |
20 | COXCOM, INC., and DOES 1 to 50,
21 |                Defendants.
22 |

| Case No. |
| --- |
| **DECLARATION OF SHARON SMITH IN SUPPORT OF PETITION FOR REMOVAL OF COXCOM, INC.** |

22 | Sharon Smith declares:

23 |        1.      I have personal knowledge of the facts set forth in this declaration, and would and

24 | could competently testify thereto if called upon to do so.

25 |        2.      I am the Vice President for Human Resources for CoxCom, Inc.'s Orange

26 | County/Palos Verdes cable system. I have been employed in this capacity at all times relevant to this

27 |

28 |

---

1   declaration.  In this capacity, I have access to payroll and employment records, which I reviewed in

2   conjunction with my staff to prepare this declaration.

3         3.    From January 1, 2004 to the present, CoxCom's records indicate that 393 different

4   individuals have been employed as Field Service Representatives within the Orange County/Palos

5   Verde system.

6         4.    Within the Orange County/Palos Verde system, as of January 1, 2007, 170 people

7   were employed as Field Service Representatives.  As of January 1, 2006, 144 people were employed

8   as Field Service Representatives.  As of January 1, 2005, 150 people were employed as Field Service

9   Representatives.  As of January 1, 2004, 147 people were employed as Field Service representatives.

10  Based on these figures, through the four years leading up to this complaint, CoxCom's Orange

11  County/ Palos Verde system employed an average of approximately 153 field service representatives

12  at any one time.

13        5.    From January 1, 2004 to the present, the average hourly wage of employees occupying

14  the position of field service representatives in Orange County/Palos Verdes was approximately

15  $21.65 per hour.

16        6.    In 2007, CoxCom's records indicate that 22 field service representatives voluntarily

17  or involuntarily left the company.  In 2006, the number of such employees was also 22.  In 2005, the

18  number was 26.  In 2004, the number was 18.  So in the four years leading up to this Complaint,

19  approximately 88 field service representatives left the company.  Others have transferred to different

20  positions within the company.

21        7.    I am an officer of CoxCom, Inc. and I am familiar with the corporation's structure.

22  The corporate headquarters of CoxCom, Inc. is its offices located at 1440 Lake Hearn Drive, Atlanta,

23  Georgia.

24        I declare under penalty of perjury under the laws of the State of California that the foregoing

25  is true and correct.  Executed this _19_ day of August, 2008, in Rancho Santa Margarita, California.

26

27                           _Sharon A. Smith_

28

CASE NO.: _____

Declaration of Sharon Smith in Support of Petition For Removal



Sharon Smith

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

CASE NO.: _____

Declaration of Sharon Smith in Support of Petition For Removal

**EXHIBIT E**

1    FERRIS & BRITTON
     A Professional Corporation
2      Christopher Q. Britton (State Bar No. 56623)
       W. Lee Biddle (State Bar No. 217128)
3    401 West A Street, Suite 1600
     San Diego, CA 92101
4    Telephone:  (619) 233-3131
     Facsimile:  (619) 232-9316
5    e-mail; cbritton@ferrisbritton.com
              lbiddle@ferrisbritton.com
6

7    SEYFARTH SHAW LLP
     Thomas Kaufman (State Bar No.  177936)
8    Laura Reathaford (State Bar No. 254751)
     2029 Century Park East, Suite 3300
9    Los Angeles, California 90067-3063
     Telephone: (310) 277-7200
10   Facsimile: (310) 201-5219
     e-mail: tkaufman@seyfarth.com
11           lreathaford@seyfarth.com

12   Attorneys for Defendant CoxCom, Inc.

13

14                      UNITED STATES DISTRICT COURT

15                    SOUTHERN DISTRICT OF CALIFORNIA

16   ARMAN LASSITER, individually, and on behalf      Case No.
     of others similarly situated,
17                                                    DECLARATION OF LINDA KAVANAGH
                    Plaintiff,                        IN SUPPORT OF PETITION FOR
18                                                    REMOVAL OF COXCOM, INC.
            vs.
19
     COXCOM, INC., and DOES 1 to 50,
20
                    Defendants.
21

22   Linda Kavanagh declares:

23          1.      I have personal knowledge of the facts set forth in this declaration, and would and

24   could competently testify thereto if called upon to do so.

25          2.      I am a Human Resources Director for CoxCom, Inc.'s San Diego area cable system. I

26   have been employed in this capacity at all times relevant to this declaration.  In this capacity, I have

27

28

                                                           CASE NO.: _____ )
                     Declaration of Linda Kavanagh in Support of Petition For Removal

1  access to payroll and employment records, which I reviewed in conjunction with my staff in

2  preparation of this declaration.

3      3.    From January 1, 2004 to the present, CoxCom's records indicate that 614 different

4  individuals have been employed as Field Service Representatives within the San Diego system.

5      4.    Within the San Diego system, as of June 1, 2007, 313 people were employed as Field

6  Service Representatives.  As of June 1, 2006, 321 people were employed as Field Service

7  Representatives.  As of June 1, 2005, 326 people were employed as Field Service Representatives.

8  As of June 1, 2004, 313 people were employed as Field Service Representatives.  Based on these

9  figures, through the four years leading up to this complaint, CoxCom's San Diego system employed

10  an average of approximately 318 field service representatives at any one time.

11      5.    From January 1, 2004 to the present, the average hourly wage of employees occupying

12  the position of field service representatives in San Diego system was approximately $20.75 per hour.

13      6.    CoxCom's records indicate that from June 1, 2004 to the present, approximately 190

14  field service representatives have either voluntarily or involuntarily left the company.

15      I declare under penalty of perjury under the laws of the State of California that the foregoing

16  is true and correct. Executed this _19_ day of August, 2008, in San Diego, California.

17

18

19                                          Linda Kavanagh

20

21

22

23

24

25

26

27

28

Exhibit E, Page 71

**EXHIBIT F**

1 | FERRIS & BRITTON
A Professional Corporation
2 |   Christopher Q. Britton (State Bar No. 56623)
  W. Lee Biddle (State Bar No. 217128)
3 | 401 West A Street, Suite 1600
San Diego, CA 92101
4 | Telephone: (619) 233-3131
Facsimile: (619) 232-9316
5 | e-mail; cbritton@ferrisbritton.com
    lbiddle@ferrisbritton.com
6 |
7 | SEYFARTH SHAW LLP
Thomas Kaufman (State Bar No. 177936)
8 | Laura Reathaford (State Bar No. 254751)
2029 Century Park East, Suite 3300
9 | Los Angeles, California 90067-3063
Telephone: (310) 277-7200
10 | Facsimile: (310) 201-5219
e-mail: tkaufman@seyfarth.com
11 |     lreathaford@seyfarth.com
12 | Attorneys for Defendant CoxCom, Inc.
13 |
14 | UNITED STATES DISTRICT COURT
15 | SOUTHERN DISTRICT OF CALIFORNIA

16 | ARMAN LASSITER, individually, and on behalf of others similarly situated,

Case No.

**DECLARATION OF TERRI WILSON IN SUPPORT OF PETITION FOR REMOVAL OF COXCOM, INC.**

17 |     Plaintiff,

18 |   vs.

19 | COXCOM, INC., and DOES 1 to 50,

20 |     Defendants.

21 |

22 | Terri Wilson declares:

23 |     1.    I have personal knowledge of the facts set forth in this declaration, and would and

24 | could competently testify thereto if called upon to do so.

25 |     2.    I am a Vice President of Human Resources for CoxCom, Inc.'s Santa Barbara area

26 | cable system. I have been employed in this capacity at all times relevant to this declaration.  In this

27 |

28 |

CASE NO.: _____ )
Declaration of Terri Wilson In Support of Petition For Removal

1  | capacity, I have access to payroll and employment records, which I reviewed in conjunction with my
2  | staff in preparation of this declaration.

3  |     3.     From June, 2004 to the present, CoxCom's records indicate that 93 different
4  | individuals have been employed as Field Service Representatives within the Santa Barbara system.

5  |     4.     From 2004 thru 2007, CoxCom's Santa Barbara system employed an average of
6  | approximately 36 field service representatives at any one time.

7  |     5.     From January 1, 2004 to the present, the average hourly wage of employees occupying
8  | the position of field service representatives in Santa Barbara system was approximately $19.15 per
9  | hour.

10 |     6.     CoxCom's records indicate that from June 1, 2004 to the present, approximately 33
11 | field service representatives have either voluntarily or involuntarily left the company.   Others may
12 | have transferred to different positions within the company.

13 |     I declare under penalty of perjury under the laws of the State of California that the foregoing
14 | is true and correct.  Executed this _20_ day of August, 2008, in Santa Barbara, California.

*Terri Wilson*

Terri Wilson

---

CASE NO.: _____ )

Declaration of Terri Wilson in Support of Petition For Removal

1   FERRIS & BRITTON
    A Professional Corporation
2     Christopher Q. Britton (State Bar No. 56623)
      W. Lee Biddle (State Bar No. 217128)
3   401 West A Street, Suite 1600
    San Diego, CA 92101
4   Telephone: (619) 233-3131
    Facsimile: (619) 232-9316
5   e-mail; cbritton@ferrisbritton.com
            lbiddle@ferrisbritton.com
6

7   SEYFARTH SHAW LLP
      Thomas Kaufman (State Bar No. 177936)
8     Laura Reathaford (State Bar No. 254751)
    2029 Century Park East, Suite 3300
9   Los Angeles, California 90067-3063
    Telephone: (310) 277-7200
10  Facsimile: (310) 201-5219
    e-mail: tkaufman@seyfarth.com
11          lreathaford@seyfarth.com

12  Attorneys for Defendant CoxCom, Inc.

13              UNITED STATES DISTRICT COURT

14           SOUTHERN DISTRICT OF CALIFORNIA

15  ARMAN LASSITER, individually and on behalf of     Case No.
    other members of the general public similarly
16  situated,                                         **DECLARATION OF JOSEPH FREEMAN
                                                       IN SUPPORT OF PETITION FOR
17              Plaintiff,                             REMOVAL OF COXCOM, INC.**

18          v.

19  COXCOM, INC., a Delaware Corporation; and
    DOES 1-50, inclusive,
20
                Defendants.                            Complaint Filed: May 23, 2008
21

22

23  Joseph Freeman declares:

24

25          1.      I am an attorney, a member of the State Bar of Georgia, and am employed as

26  an attorney for Cox Communications, Inc. ("Cox") in Atlanta, Georgia. I am the attorney in Cox

27  Legal Department who is responsible for handling the claims being asserted against CoxCom, Inc.

28  by Arman Lassiter, including any litigation he may file against the Company.

                                        1

                                  CASE NO.
                 DECLARATION OF JOSEPH FREEMAN
        IN SUPPORT OF PETITION FOR REMOVAL OF COXCOM, INC.

2.    On August 5, 2005, I received a letter, dated August 4th, from Plaintiff's counsel, Alison Miceli.  A true and correct copy of this letter is attached as Exhibit A to this declaration.

3.    The letter asserted that CoxCom was in default in the State Court action because CoxCom had failed to answer the complaint within 30 days of service.  Ms. Miceli threatened to take CoxCom's default in the State Court action if an answer was not filed by August 8th at noon.

4.    Ms. Miceli's letter stated that CoxCom had been served on June 27, 2008.  Insofar as I am aware, prior to my receipt of this letter, CoxCom had never been advised that it had been served the complaint.  Because this case is my responsibility, it is my belief that if anyone at CoxCom had been informed the complaint had been served on CoxCom, this information would have been immediately communicated to me.

5.    In the spring of this year, counsel for Plaintiff and CoxCom held discussions about the possible mediation of this matter.  As part of those discussions, Plaintiff's counsel provided to CoxCom a mediation brief.  In the mediation brief, Plaintiff claims that CoxCom's potential liability in this action is $32,801,146.17, not inclusive of attorney fees and costs, and not inclusive of claims under Labor Code section 203.  Attached to this declaration as Exhibit B is a true and correct copy of pages 21 to 23 of Plaintiff's mediation brief, which includes the section outlining Plaintiff's calculations of CoxCom's monetary liability.

6.    I have personal knowledge of the foregoing facts and if called as a witness could so testify.

I declare under penalty of perjury, under the laws of the State of California, that the foregoing is true and correct.  Executed this 20th day of August, 2008 at Atlanta, Georgia.

_____
Joseph Freeman

2
CASE NO.
DECLARATION OF JOSEPH FREEMAN
IN SUPPORT OF PETITION FOR REMOVAL OF COXCOM, INC.

**EXHIBIT 1**

# SULLIVAN & CHRISTIANI

### A LIMITED LIABILITY PARTNERSHIP

<u>NORTHERN CALIFORNIA</u>

1 CEDARWOOD LANE
MILL VALLEY, CA 94941
PHONE 415-383-6151
FACSIMILE 415-888-3035

2330 THIRD AVENUE
SAN DIEGO, CALIFORNIA 92101

PHONE 619-702-6760
FACSIMILE 619-702-6761

<u>LAS VEGAS</u>

1610 SOUTH TENTH STREET
LAS VEGAS, NEVADA 89104
PHONE 702-388-0576
FACSIMILE 702-388-0572

August 4, 2008

*Via Facsimile Only (404) 843-5845*

Joseph M. Freeman, Esq.
COX COMMUNICATIONS, INC.
1400 Lake Hearn Drive
Atlanta, Georgia 30319

Re:    <u>Arman Lassiter v. COXCOM</u>
        Case No.: 69-6347

Dear Mr. Freeman:

Please allow this correspondence to serve as a request for assistance and clarification in the above-referenced matter. Thank you for your assistance throughout this litigation.

As you are presumably aware, the Complaint of Mr. Lassiter, as well as a Labor Code section 2699, *et seq.* notification letter, were served on COXCOM's agent for service of process on June 27, 2008. We have recently received a LWDA "right to sue" letter, and are in the process of preparing to file an Amended Complaint. However, the time period for filing a response to the operative Complaint has passed, and we have yet to receive a responsive pleading. Further, the Court records do not list a response to the Complaint.

Given the above, we must respectfully demand that COXCOM file and serve an Answer to the operative Complaint no later than Friday, August 8, 2008; <u>Noon</u>. If we have not received proof of the filing and service of an Answer by that time, we will have no option but to prepare and file a Default as to COXCOM. Given your courtesy and assistance throughout the Mediation process, we are reluctant to do so. For that reason, please immediately comply with the above request.

Again, thank you for your assistance throughout this matter. Should you have any questions or comments, please do not hesitate to contact the undersigned.

Very truly yours,

*Alison M. Miceli*

Alison M. Miceli

bcc:

Exhibit G, Page 76

information to be included with each employee's pay-check.

5.    **Labor Code section 226.7** - This section requires compliant Meal and Rest Periods.

6.    **Labor Code section 510** - This section requires proper payment of all Overtime.

7.    **Labor Code section 512** - This section requires First and Second Meal Periods.

8.    **Labor Code section 1197.1** - This section applies to any employer or other person "who pays or causes to be paid to any employee a wage less than the minimum fixed" wage. Here, no amounts were provided for missed Meal and Rest Periods, and thus the minimum wage was not met.

9.    **Labor Code section 1199** -   This section provides a $100.00 fine, payable to the aggrieved employee, if any employer pays "a wage less than the minimum." Minimum Wage laws are applicable to *every hour worked*.  Armenta v. Osmose, Inc. (2005) 135 Cal.App.4th 314.  As Defendant has failed to provide Wages, there is a Minimum Wage violation.

## IV. MONETARY LIABILITY

As more specifically set forth below, the following is a summary of monetary liability COX will face if judgment is entered against them on a Class-wide basis:

### A.   MEAL PERIOD OMISSIONS AND LACK OF REQUIRED PAYMENT

i.    2004

750 (FST's)  X   3 (missed Meal Periods a week)  X   $25.00 (average Hourly rate)  X 50 (weeks) = $2,812,500.00

21                              LASSITER MEDIATION BRIEF

ii.    2005

750 (FST's)  X   3 (missed Meal Periods a week)  X  $25.00 (average Hourly rate)  X 50 (weeks)  = **$2,812,500.00**

iii.    2006

750 (FST's)  X   3 (missed Meal Periods a week)  X  $25.00 (average Hourly rate)  X 50 (weeks)  = **$2,812,500.00**

iv.    2007

750 (FST's)  X   3 (missed Meal Periods a week)  X  $25.00 (average Hourly rate)  X  50 (weeks)  = **$2,812,500.00**

Given the above, the liability for this issue totals: **$11,250,000.00.**

**B.    LABOR CODE SECTION 221/2802 VIOLATIONS**

The liability for this issue is **$51,461.17.**

**C.    "ROUNDING" VIOLATIONS**

The liability for this issue is **$1,500,000.00.** This demand is based upon the following formula:

- 6 (minutes lost from "rounding" each day) x 4 (workdays in week)    x
  50 (workweeks in year)    x    4 (years)    =    **4800 minutes**
- 4800 (minutes)    divided by    60 (minutes in an hour)= **80 hours**
- 80(hours)    x    $25.00 (average FST Hourly Rate)= **$2000.00**
- $2,000.00    x    750(FST's)  =    **$1,500,000.00**

To summarize, Plaintiff's demand is as follows:

**A.    $11,250,000.00**    (Labor Code sections 226.7 and 512 violations)

22

LASSITER MEDIATION BRIEF

Exhibit G, Page 78

| | | |
|---|---|---|
| B. | $51,461.17 | (Labor Code sections 221 and 2802 violations) |
| C. | $1,500,000.00 | ("Rounding" violations) |
| D. | $20,000,000.00 | (Labor Code section 226 violations) |

Sub-Total:                                    $32,801,146.17

D.   **LABOR CODE SECTION 203**              **TBD**

E.   **ATTORNEYS FEES AND COSTS**            **TBD**


**TOTAL:**          $    **TBD**

Dated: _4/14/08_                    SULLIVAN & CHRISTIANI, LLP


*Alison M. Miceli*

William B. Sullivan,
Alison M. Miceli,
Attorneys for Claimant ARMAN
LASSITER

23                          LASSITER MEDIATION BRIEF

**EXHIBIT H**

1   FERRIS & BRITTON
    A Professional Corporation
2     Christopher Q. Britton (State Bar No. 56623)
      W. Lee Biddle (State Bar No. 217128)
3   401 West A Street, Suite 1600
    San Diego, CA 92101
4   Telephone:  (619) 233-3131
    Facsimile:  (619) 232-9316
5   e-mail; cbritton@ferrisbritton.com
            lbiddle@ferrisbritton.com
6

7   SEYFARTH SHAW LLP
    Thomas Kaufman (State Bar No.  177936)
8   Laura Reathaford (State Bar No. 254751)
    2029 Century Park East, Suite 3300
9   Los Angeles, California 90067-3063
    Telephone: (310) 277-7200
10  Facsimile: (310) 201-5219
    e-mail: tkaufman@seyfarth.com
11          lreathaford@seyfarth.com

12

13  Attorneys for Defendant CoxCom, Inc.

14

15                  UNITED STATES DISTRICT COURT

16                SOUTHERN DISTRICT OF CALIFORNIA

17  ARMAN LASSITER, individually, and on behalf      Case No.
    of others similarly situated,
18                                                   DECLARATION OF CHRISTOPHER Q.
                        Plaintiff,                   BRITTON IN SUPPORT OF PETITION
19                                                   FOR REMOVAL OF COXCOM, INC.
            vs.
20
    COXCOM, INC., and DOES 1 to 50,
21
                        Defendants.
22

23  I, Christopher Q. Britton, declare:

24        1.      I am an attorney, a member of the State Bar of California, and a partner in the law

25  firm of Ferris & Britton, A.P.C., co-counsel for defendant CoxCom, Inc. in the above-captioned

26  matter.

27        2.      In my practice of law, I have been a part of dozens of cases involving plaintiff's

28

                                          1
    ────────────────────────────────────────────────────────
                         CASE NO.: _____
         Declaration of Christopher Q. Britton In Support of Notice of Removal

                                                                    Exhibit H, Page 80

1  attorneys working on a contingency fee basis, including employment and consumer class actions.

2  I have also been retained as an expert witness and provided testimony on the reasonableness of

3  attorney fees in a consumer class action.  In my experience, a class action counsel operating on a

4  contingency fee will typically seek attorney fees equal to or in excess of one-third of the total

5  recovery of the class.

6      3.    I have personal knowledge of the foregoing facts and if called as a witness could so

7  testify.

8      I declare under penalty of perjury under the laws of the State of California that the foregoing

9  is true and correct.  Executed this 21st day of August, 2008, in San Diego, California.

10

11

12    Christopher Q. Britton

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

2

CASE NO.: _____
**Declaration of Christopher Q. Britton In Support of Notice of Removal**

Exhibit H, Page 81

JS 44 (Rev. 12/07)

## CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

### I. (a) PLAINTIFFS
LASSITER, ARMAN individually and on behalf of other members of the general public similarly situated

**DEFENDANTS**
COXCOM, INC., a Delaware Corporation; and DOES 1-50, Inclusive

FILED
2008 AUG 22 PM 4:06
CLERK US DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
BY_____ DEPUTY

**(b)** County of Residence of First Listed Plaintiff **San Diego**
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

'08 CV 1561 H NLS

**(c)** Attorney's (Firm Name, Address, and Telephone Number)
William Sullivan, Alison Miceli; Sullivan & Christiani, 2330 Third Avenue, San Diego, CA 92101, (619) 702-6760

Attorneys (If Known)
Christopher Britton, W. Lee Biddle; Ferris & Britton, 401 W. A. St. #1600, San Diego, CA 92101, (619) 233-3131

### II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

- ☐ 1 U.S. Government Plaintiff
- ☐ 3 Federal Question (U.S. Government Not a Party)
- ☐ 2 U.S. Government Defendant
- ☒ 4 Diversity (Indicate Citizenship of Parties in Item III)

### III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant)
(For Diversity Cases Only)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☒ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

1561 H NLS

### IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury - Med. Malpractice | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 365 Personal Injury - Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 | | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 340 Marine | **PERSONAL PROPERTY** | ☐ 650 Airline Regs. | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 345 Marine Product Liability | ☐ 370 Other Fraud | ☐ 660 Occupational Safety/Health | ☐ 840 Trademark | ☐ 480 Consumer Credit |
| | ☐ 350 Motor Vehicle | ☐ 371 Truth in Lending | ☐ 690 Other | | ☐ 490 Cable/Sat TV |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 355 Motor Vehicle Product Liability | ☐ 380 Other Personal Property Damage | **LABOR** | **SOCIAL SECURITY** | ☐ 810 Selective Service |
| ☐ 160 Stockholders' Suits | ☐ 360 Other Personal Injury | ☐ 385 Property Damage Product Liability | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 850 Securities/Commodities/Exchange |
| ☐ 190 Other Contract | | | ☐ 720 Labor/Mgmt. Relations | ☐ 862 Black Lung (923) | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 195 Contract Product Liability | | | ☐ 730 Labor/Mgmt.Reporting & Disclosure Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| ☐ 196 Franchise | | | ☐ 740 Railway Labor Act | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 790 Other Labor Litigation | ☐ 865 RSI (405(g)) | ☐ 892 Economic Stabilization Act |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate Sentence | ☐ 791 Empl. Ret. Inc. Security Act | **FEDERAL TAX SUITS** | ☐ 893 Environmental Matters |
| ☐ 220 Foreclosure | ☐ 442 Employment | **Habeas Corpus:** | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 894 Energy Allocation Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ Accommodations | ☐ 530 General | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 895 Freedom of Information Act |
| ☐ 240 Torts to Land | ☐ 444 Welfare | ☐ 535 Death Penalty | **IMMIGRATION** | | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 540 Mandamus & Other | ☐ 462 Naturalization Application | | |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | ☐ 550 Civil Rights | ☐ 463 Habeas Corpus - Alien Detainee | | ☐ 950 Constitutionality of State Statutes |
| | ☐ 440 Other Civil Rights | ☐ 555 Prison Condition | ☐ 465 Other Immigration Actions | | |

### V. ORIGIN (Place an "X" in One Box Only)

- ☐ 1 Original Proceeding
- ☒ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from another district (specify)
- ☐ 6 Multidistrict Litigation
- ☐ 7 Appeal to District Judge from Magistrate Judgment

### VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):
28 U.S.C 1332(d) and 1441(a)
Brief description of cause:
Removal of class action complaint alleging wage and hour violations

### VII. REQUESTED IN COMPLAINT:
☒ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23
DEMAND $ 32,000,000.00
CHECK YES only if demanded in complaint:
JURY DEMAND: ☐ Yes ☒ No

### VIII. RELATED CASE(S) IF ANY
(See instructions):
JUDGE _____
DOCKET NUMBER _____

DATE
08/21/2008

SIGNATURE OF ATTORNEY OF RECORD
Christopher Q. Britton

**FOR OFFICE USE ONLY**

RECEIPT # 154387    AMOUNT $350    APPLYING IFP _____    JUDGE _____    MAG. JUDGE _____

JAC 8/22/08

UNITED STATES
DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
SAN DIEGO DIVISION

# 154387       - TC

August 22, 2008
16:08:01

Civ Fil Non-Pris
USAO #.: 08CV1561
Judge..: MARILYN L HUFF
Amount.:
Check#.: BC068142            $350.00 CK

Total->   $350.00

FROM: LASSITER, ARMAN
        VS
     COXCOM