# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ARMAN LASSITER, individually and on behalf of other members of the general public similarly situated,<br><br>                          Plaintiff,<br>vs.<br>COXCOM, INC., a Delaware corporation; and DOES 1 through 50, inclusive,<br><br>                         Defendant. | **CASE NO. 08-CV-1561-H (CAB)**<br><br>**ORDER GRANTING PLAINTIFF'S MOTION TO REMAND** |

Plaintiff filed this class action against Defendant Coxcom, Inc. ("Coxcom") in the Superior Court of California in and for the County of San Diego on May 23, 2008. (Doc. No. 1.) Defendant filed a notice of removal to this Court on August 22, 2008. (Doc. No. 1.) Plaintiff filed a motion to remand the action to state court on September 19, 2008. (Doc. No. 7.) Defendant submitted its opposition on October 6, 2008. (Doc. No. 9.) Plaintiff submitted a reply and objections on October 10, 2008. (Doc. No. 11.)

The Court has reviewed all briefing, declarations, and evidentiary objections submitted and has excluded evidence where appropriate based upon the objections raised. On October 20, 2008, the Court held a hearing on Plaintiff's motion. William Sullivan appeared on behalf of Plaintiff. Defendant was represented by Christopher Britton and Lee Biddle. For the reasons discussed below, the Court grants Plaintiff's motion to remand.

## **Background**

Plaintiff Arman Lassiter brought this wage and hour class action in the Superior Court of California against his employer, Defendant Coxcom, alleging violations of (1) California Labor Code sections 226, 226.7, 510, 512, and 2802; and (2) California Business and Professions Code section 17200. (Compl. pp. 6–9.) Plaintiff seeks compensatory damages, waiting time penalties pursuant to California Labor Code section 203, penalties pursuant to title 8 of the California Code of Regulations Wage Order 11, lost back pay, a permanent injunction against Defendant enjoining the alleged illegal practices, restitution damages, interest, attorneys' fees and costs, and punitive and exemplary damages where permissible. (Compl., Prayer for Relief ¶¶ 1–11.) Defendant removed the action to this Court under the Class Action Fairness Act of 2005. (Doc. No. 1 at 1.)

Plaintiff now moves to remand the case back to state court on the ground that Defendant's Notice of Removal was untimely, as it was filed 56 days after service of the Complaint. (Doc. No. 7, Mot. Remand 2.) Plaintiff alleges and has submitted a supporting affidavit that he served Defendant with a summons, complaint, and California Labor and Workforce Development Agency ("LWDA") letter on June 27, 2008 by personal service on Defendant's registered agent, Lawyers Incorporating Service ("LIS"). (Doc. No. 7, Mot. Remand 5, Sullivan Decl. ¶¶ 3–5.) Plaintiff also has submitted the proof of service of summons filed in state court on July 22, 2008, indicating that William Sullivan personally served Defendant's agent, LIS, with a summons, complaint, Alternative Dispute Resolution package, civil case cover sheet, and a notice of case assignment on June 27, 2008. (Doc. No. 7, Ex. K.) Defendants filed the Notice of Removal in this Court on August 22, 2008, 56 days after the alleged service of the complaint occurred. (Doc. No. 1.)

Defendant asserts that it was never served with a summons and complaint, and thus removal should be considered timely as it was never properly served. (Doc. No. 9, Opp. 5.) In response to Plaintiff's allegations and submissions concerning service, Defendant contends that its agent for service of process, LIS, was only served the LWDA letter on June 27, 2008 and never received a summons or complaint. Defendant has submitted declarations from

- 2 -

1 employees of LIS explaining the process of receiving service for a client.  (Doc. No. 9, Exs.
2 E–H.)  None of these employees has a personal recollection about receiving the service for
3 Coxcom on June 27, 2008 from William Sullivan, but they all attest that they carried out their
4 jobs in the ordinary course of business on that day and believe on that basis that no summons
5 or complaint was received.  (Id.)  Defendant admits it had actual knowledge of the filing of the
6 complaint, as a monitoring service employed by counsel discovered the complaint on May 28,
7 2008.  (Doc. No. 9, Opp. 3.)    Defendant contends that it believed based on the service of the
8 LWDA letter on June 27, 2008, that Plaintiff was going to file an amended complaint and thus
9 was waiting to serve the Defendant with the amended complaint in lieu of the original
10 complaint.  (Id. at 4.)  Defendant also asserts that it monitored the state court case file by
11 periodically reviewing it to see if Plaintiff had filed a proof of service or made any changes to
12 the complaint.  (Id. at 4, Ex. C., Moyer Decl.¶ 2.)   Defendant avers that as of July 24, 2008,
13 the state court case file did not contain a proof of service.  (Doc. No. 9, Ex. C, Moyer Decl. ¶
14 5.)  According to Defendant, it received a letter from Plaintiff on August 5, 2008, indicating
15 that Plaintiff had served Defendant on June 27th and would be seeking a default judgment if
16 Defendant did not file a response by August 8, 2008.  (Doc. No. 9, Opp. 5, Ex. A, Freeman
17 Decl. ¶ 2.)  Based on this advisement, Defendant moved to quash service of summons in state
18 court, answered the complaint, and removed the case to this Court on August 22, 2008.  (Doc.
19 No. 9, Opp. 5.)

## **Discussion**

21 Under 28 U.S.C. §1446(b), a defendant filing a notice of removal must do so within 30
22 days after the receipt by the defendant, through service or otherwise, of a copy of the initial
23 pleading setting forth the claim for relief upon which such action is based.  The thirty day
24 period for filing a notice of removal is triggered by service of process, and if no service of the
25 initial pleading occurs, a defendant has thirty days to file a notice of removal after receipt by
26 the defendant, through service or otherwise, of a copy of an amended pleading, motion, order
27 or other paper from which it is ascertained that the case is one which may be removed.  See
28 28 U.S.C. §1446(b); Thomason v. Republic Ins. Co., 630 F.Supp. 331, 334 (E.D. Cal. 1986)

1  (holding removal is timely where defendant never properly served). Failure to timely file a
2  notice of removal is a procedural defect mandating remand to state court if a motion to remand
3  is brought within 30 days of the notice of removal. See 28 U.S.C. §1447(c); Maniar v.
4  F.D.I.C., 979 F.2d 782, 784 (9th Cir. 1992); see also Fristoe v. Reynolds Metals Co., 615 F.2d
5  1209, 1212 (9th Cir. 1980).

6  At issue in this case is whether Defendant was served with the summons and complaint
7  on June 27, 2008, thereby triggering the 30 day removal period. Federal Rule of Civil
8  Procedure 4 governs service of process in federal actions, including those based on diversity,
9  and permits service to be effectuated "pursuant to the law of the state in which the district court
10 is located, or in which service is effected." FED.R.CIV.P. 4(e)(1). The sufficiency of service
11 of process before removal from state court is determined under state law. Lee v. City of
12 Beaumont, 12 F.3d 933, 936-937 (9th Cir.1993), overruled on a different ground, California
13 Dept. of Water Resources v. Powerex Corp., 533 F.3d 1087, 1091 (9th Cir.2008). Here,
14 Plaintiff Lassiter allegedly served Coxcom prior to the action's removal on August 22, 2008.
15 (Doc. No. 7, Mot. Remand, Ex. K.) The sufficiency of Plaintiff's service of the summons and
16 complaint is therefore tested under California law.

17 Service on a corporation under California law is effectuated by delivery of summons
18 and complaint to some authorized person on behalf of the corporation. Dill v. Berquist Const.
19 Co., Inc., 24 Cal.App.4th 1426, 1437 (1994). Service may be made upon "the person
20 designated as agent for service of process." CAL.CODE.CIV.P. § 416.10(a). Under California
21 law, the return of process is prima facie evidence of proper service. Los Angeles v. Morgan,
22 105 Cal.2d 726, 731 (1951). "The filing of a proof of service creates a rebuttable presumption
23 that the service was proper. However, the presumption arises only if the proof of service
24 complies with the applicable statutory requirements." Floveyor Internat., Ltd. v. Superior
25 Court, 59 Cal.App.4th 789, 795 (1997) (citing Dill, 24 Cal.App.4th at 1441–42). Under
26 California Code of Civil Procedure section 417.10(a), proof that a summons was served
27 personally on a person within the state shall be made:
28   by the affidavit of the person making the service showing the time, place, and

1         manner of service and facts showing that the service was made in accordance
2         with this chapter. The affidavit shall recite or in other manner show the name of
3         the person to whom a copy of the summons and of the complaint were delivered,
4         and, if appropriate, his or her title or the capacity in which he or she is served,
5         and that the notice required by Section 412.30 appeared on the copy of the
6         summons served, if in fact it did appear.
7 CAL. CODE CIV. P. §1417.10(a).

8     A return of service may be impeached by contradictory evidence. Morgan, 105 Cal.2d
9 at 731. "When a California defendant moves to quash service for lack of personal jurisdiction,
10 the burden is on the plaintiff to establish jurisdiction by a preponderance of the evidence."
11 Roy v. Superior Court, 127 Cal.App.4th 337, 343 (2005) (citation omitted). "[T]he burden is
12 on the plaintiff to prove the existence of jurisdiction by proving . . . the facts requisite to an
13 effective service." Dill, 29 Cal.App.4th at 1439–40 (citations omitted). "The burden must be
14 met by competent evidence in affidavits and authenticated documents; an unverified complaint
15 may not be considered as supplying the necessary facts." Nobel Floral, Inc. v. Pasero, 106
16 Cal.App.4th 654, 657–58 (2003) (citing Ziller Electronics Lab GmbH v. Superior Court, 206
17 Cal.App.3d 1222, 1232 (1988)). "A motion to quash service can be made and determined on
18 hearsay affidavits." Kroopf v. Guffey, 183 Cal.App.3d 1351, 1358 (1986) (citing Fuller v.
19 Lindenbaum, 29 Cal.App.2d 227, 230 (1938); CAL. CODE OF CIV.P. § 2009).

20     Plaintiff has submitted the return of service filed in California state court, a copy of the
21 front of the envelope allegedly containing the documents served, and an affidavit of William
22 Sullivan in support of the argument that Defendant was in fact served process on June 27,
23 2008. (Doc. No. 7, Mot. Remand, Sullivan Decl., Ex. K, Ex. L.) The proof of service
24 submitted conforms with the statutory requirements as it shows the time (June 27, 2008 at 8:42
25 a.m.), place (2730 Gateway Oaks Drive, Suite 100, Sacramento, CA 95833), manner (personal
26 service), name of the person to whom a copy of the summons and complaint was delivered
27 (Becky DeGeorge), and capacity in which she was served (Lawyers Incorporating Service,
28 Authorized Agent for Service of Process on behalf of Coxcom, Inc.). (Id. Ex. K.)

1           <u>Declaration of William Sullivan, Attorney of Record for Plaintiff</u>

2           William Sullivan, a named partner in the firm representing Plaintiff, avers that he
3    personally served Ms. DeGeorge with a copy of the LWDA letter, a summons, and a complaint
4    on June 27, 2008. (<u>Id.</u> Sullivan Decl. ¶ 3.) According to Mr. Sullivan, he placed the LWDA
5    letter and the summons and complaint in the same envelope approximately ten minutes before
6    serving Ms. DeGeorge, sealed the envelope, wrote the words "Letter re: 2699, Complaint" on
7    the envelope, and kept the envelope in his possession the entire time. (<u>Id.</u> Sullivan Decl. ¶¶
8    6–8.) Mr. Sullivan states that he approached the only person visible inside the office of LIS,
9    who identified herself as Ms. DeGeorge, who asked Mr. Sullivan if he was serving. (<u>Id.</u>
10   Sullivan Decl. ¶ 10.) Mr. Sullivan responded affirmatively and Ms. DeGeorge directed him
11   to place the envelope in a wire basket. (<u>Id.</u> Sullivan Decl. ¶ 11.) Mr. Sullivan placed the
12   envelope in the basket and recorded Ms. DeGeorge's name and description. (<u>Id.</u> Sullivan Decl.
13   ¶¶ 11–12.) Mr. Sullivan states that he personally served Coxcom's agent because he happened
14   to be in Sacramento visiting another client and visiting a relative, and had brought the file for
15   this case with him to do some work on the plane. (Doc. No. 11, Plaintiff's Reply, Sullivan
16   Decl. ¶¶ 7–9.) According to Mr. Sullivan, it is standard practice in his firm for himself or
17   another attorney to personally serve complaints. (<u>Id.</u> ¶ 3.)

18          Defendant contends that Mr. Sullivan never served the summons and complaint on
19   Lawyers Incorporating Service, and thus the thirty day period for removal was not triggered
20   on June 27, 2008. According to Defendant, Mr. Sullivan only served the LWDA letter on June
21   27, 2008. Defendant raises concerns about Mr. Sullivan, a named partner in the firm
22   representing Plaintiff, personally serving Defendant with the summons and complaint instead
23   of employing a registered process server. (Doc. No. 9, Opp. 14–15.) Defendant contends that
24   Plaintiff has fraudulently filed proof of service in order to keep this action in state court, a
25   purportedly better forum for Plaintiff. (<u>Id.</u> 13–14.) In support of its position that it has never
26   been properly served, Defendant has submitted declarations from several LIS employees
27   detailing the ordinary business practice by which it receives and logs service of process for its
28   customers and the business records regarding service received for Coxcom on June 27, 2008.

- 6 -

1  The declarations of Becky DeGeorge, a customer service associate; Steven Cassidy, a member
2  of LIS' litigation management systems department; and Brenda Sharpless, the certified
3  customer service associate responsible for notifying Coxcom of services, all aver that they
4  were working on June 27, 2008, but have no independent recollection of receiving or handling
5  documents served on Coxcom. (Doc. No. 9, Opp., DeGeorge Decl.,¶¶ 1,6; Cassidy Decl. ¶¶
6  1, 3; Sharpless Decl. ¶¶ 1, 4, 8.)  These employees attest that they carried out their duties on
7  June 27th according to standard business procedure, and on that basis believe that LIS did not
8  receive service of a summons and complaint for Coxcom because there is no record of such
9  service in LIS' system on that date apart from the service of the LWDA letter. (DeGeorge
10 Decl. ¶ 6; Cassidy Decl. ¶¶ 1, 6; Sharpless Decl. ¶¶ 4, 8.)

11     In addition to these declarations, Defendant also submits declarations supporting its
12 contention that it did not know of the attempted service until August 5, 2008. The declaration
13 of Justin Moyer, a legal intern for Defendant's counsel, states that he periodically checked the
14 state court file for proof of service in this case. (Doc. No. 9, Moyer Decl.¶ 2 .) According to
15 Mr. Moyer, as of July 24, 2008, the state court file did not contain a proof of service. (Id. ¶
16 5.) The declaration of Joseph Freeman, attorney for Coxcom, states that he received a letter
17 on August 5, 2008 from Plaintiff's counsel, which stated that the complaint was served on June
18 27, 2008. (Doc. No. 9, Freeman Decl. ¶¶ 1–2, Ex. 1.)    Mr. Freeman also states that he
19 became aware of Plaintiff's complaint against Coxcom on May 28, 2008. (Id., Freeman Decl.
20 ¶ 4.) Defendant asserts that in response to the letter received by Mr. Freeman on August 5,
21 2008, it filed a motion to quash service of summons, an answer to the complaint, and a notice
22 of removal on August 22, 2008.

23     In light of the declarations and exhibits submitted by the parties, the Court concludes
24 that Plaintiff has met his burden of proving service of process by a preponderance of the
25 evidence. Plaintiff's proof of service complies with statutory requirements for service on a
26 corporation. Furthermore, William Sullivan, a licensed California attorney, declares under
27 penalty of perjury that he personally served Defendant. Defendant's declarations from LIS
28 employees working on June 27, 2008, do not directly contradict the proof of service or Mr.

Sullivan's declaration, as no employee remembers receiving or handling the specific documents served by Plaintiff. Accordingly, the 30 day period in which Defendant had to file a notice of removal commenced on June 27, 2008. Defendant filed its notice of removal on August 22, 2008, 56 days after receipt of service. Because Defendant filed the notice of removal more than 30 days after receipt of service, the Court grants Plaintiff's motion to remand to state court.

## Conclusion

For the foregoing reasons, the Court GRANTS Plaintiff's motion to remand as Defendant's notice of removal was untimely.

IT IS SO ORDERED.

DATED: October 20, 2008

*/s/ Marilyn L. Huff*

MARILYN L. HUFF, District Judge
UNITED STATES DISTRICT COURT